ELLINWOOD and others, Appellants, vs. THE CITY OF REEDS-
BURG and others, Respondents.

*September 26 — October 22, 1895.*

*Municipal corporations: Power to construct waterworks and lighting
plant: Issuance of bonds: Vote of people: Adoption and change
of plans: Charter construed.*

1. A city having the usual powers in respect to police regulations, the
preservation of the public health, and the general welfare, has au-
thority thereunder to construct waterworks and an electric light-
ing plant.

2. The common council of a city having submitted to the voters the
question whether the city should construct waterworks and issue
bonds therefor, the adoption by the council, on the morning of
the election, of a resolution to the effect that the waterworks, if
authorized by the voters, should be put in in accordance with cer-
tain plans, did not preclude the council from afterwards changing
said plans in its discretion.

3. Where the charter of a city gives to it all the powers possessed by
cities under the general statutes, it has the authority conferred
on cities by secs. 942, 943, R. S., to issue bonds for the erection of
waterworks, etc., although the charter further provides that "the
city shall have no power to borrow money or contract any debt
which cannot be paid out of the revenues of the fiscal year . . .
except as otherwise provided;" that the city shall incur no debt
for the purchase of real or personal property which cannot be paid
out of the revenues of the fiscal year; and that "no money shall
be appropriated for any purpose whatever, except such as is ex-
pressly authorized by the city charter."

APPEAL from a judgment of the circuit court for Sauk
county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The plaintiffs brought this action to restrain the defendant
city of *Reedsburg* from executing a contract for the construc-
tion of a waterworks and electric lighting plant, and from
issuing bonds or incurring indebtedness to pay for such con-
struction, upon the ground that the common council had
varied the plan for such works adopted by the vote of the

electors of the city, and that such city has no power under its charter to borrow money and issue bonds or incur indebtedness for the purposes contemplated.

The common council of the city duly passed the following resolution: "Resolved, that the common council recommend to the voters of the city of *Reedsburg* that said city build a system of waterworks, and a plant for electric lighting in connection therewith, and that bonds for that purpose be issued, not to exceed twenty-five thousand dollars, and that the question be submitted to the people of the city at a special election to be held for that purpose on August 2, 1893, the vote to be for bonds for waterworks and electric lights, and against bonds for waterworks and electric lights; that there be one poll open for said election, which shall be at the engine-house; and that the polls for said election open at 9 o'clock A. M., and close at sundown, the clerk being hereby instructed to prepare and publish notices for said election in accordance herewith."

On the morning of the election, the city council duly passed the following resolution: "Resolved, further, that the waterworks to be put in, if authorized by the said voters, shall be put in in accordance with the plans now posted in the postoffice, and that no indebtedness shall be created therefor exceeding the sum of twenty-five thousand dollars."

The proposition to issue bonds, as recommended, was carried at the election, and thereafter the council made some changes in the plan referred to in the resolution, and received bids for the construction of a waterworks and electric lighting plant in accordance therewith, but all such bids were rejected.

The trial court found, as facts, among other things: (1) That the proposition referred to was duly and regularly submitted to the voters of the city of *Reedsburg*, and was adopted by a majority of fifteen. (2) That the plan mentioned in the resolution was simply a general outline of the system of

waterworks; that it did not include any plan for the electric lighting system, and that subsequent to the election the common council perfected and adopted definite and detailed plans and specifications for waterworks and electric lighting plants; that such perfected system did not materially affect the efficiency of the system originally outlined, and was made in the public interest. (3) That the bids for the construction of waterworks and electric lighting plant were rejected. (4) That the officers of the city, in all they did in respect to the matter, acted in good faith and with a view solely to the public interest.

As conclusions of law, the trial court found substantially, among other things: (1) That the city of *Reedsburg* has full authority to perform the acts sought to be enjoined. (2) That the court cannot interfere with the city officers on the ground that the plans and specifications finally adopted differ in some respects from the outline plan mentioned in the resolution, the same not having been materially changed; that the city officers possessed discretionary power to make such changes. Judgment was accordingly entered dismissing the complaint. The plaintiffs appeal.

For the appellants there was a brief by *George W. Bird* and *Burr W. Jones*, and oral argument by *Mr. Bird*.

For the respondents there was a brief by *Spooner, Sanborn, Kerr & Spooner*, attorneys, and *G. Stevens*, of counsel, and oral argument by *A. L. Sanborn*.

MARSHALL, J. There are only three questions necessary to be considered in the disposition of the appeal:

1. Did the city of *Reedsburg*, under its charter, possess power to build a system of waterworks and an electric lighting plant?

It is not necessary to seek for an express delegation of power to the city to build a waterworks and electric lighting plant in order to determine whether such power exists,

for the general power in respect to police regulations, the preservation of the public health, and the general welfare includes the power to use the usual means of carrying out such power, which includes municipal water and lighting services. Dillon, Mun. Corp. §§ 143–146; *Mauldin v. Greenville*, 33 S. C. 1; *Rushville Gas Co. v. Rushville*, 121 Ind. 206; *Crawfordsville v. Braden*, 130 Ind. 149; *Bluffton v. Studabaker*, 106 Ind. 129. It has been repeatedly held that power to prevent danger from fire is an incidental power belonging to all municipal corporations. The rule has always been that a municipal corporation has inherent power to provide for the protection of the property of its citizens against fire. Such power is one long possessed by municipal corporations, and is closely connected with the purposes for which corporations are organized. *Baumgartner v. Hasty*, 100 Ind. 575. Providing for fire protection and street lighting "are all essentially works of public utility, and come within objects for the attainment of which municipal governments exist, as much as anything which can be suggested." *Merrill R. & L. Co. v. Merrill*, 80 Wis. 358.

Passing from this, with the conclusion that corporate authority existed to build the waterworks and electric lighting plant, we come to the second point:

2. Did the officers of the city have authority to make changes in the waterworks plan, notwithstanding the resolution adopted on the morning of the election?

In our view of the case, the only proposition submitted to the voters was clearly embodied in the first resolution in the following words: "Resolved, that the common council recommend to the voters of the city of *Reedsburg* that the city build a system of waterworks, and a plant for electric lighting in connection therewith, and that bonds for that purpose be issued not exceeding twenty-five thousand dollars." It does not appear that, at the time of the election, a perfect plan for the waterworks had been worked out in all its de-

tails, or that any plan had been determined upon for the
lighting plant; but, in any event, the common council of
the city possessed ample authority, independent of any vote
of the people, to adopt plans and specifications for a system
of waterworks and electric lighting, and to change the same
in their discretion; and the general power in that regard
vested in the common council under the charter was not
taken away or modified by the passage of the resolution on
the morning of the election. The charter [Laws of 1887,
ch. 128] confers upon the city (sec. 35) all the usual powers
in respect to the preservation of health, police regulations,
and the general welfare; and the whole corporate authority
(sec. 3) is vested in the mayor and the common council. It
needs no citation of authority to support the conclusion that
these plain charter provisions cannot be changed, and the
power of the common council enlarged or restricted, by
the vote of the electors, and that any vote regulating
or attempting to regulate the exercise of any corporate
power vested solely in the common council must be held to
be advisory only. *Carter v. Durango*, 16 Colo. 534. The
case of *Lawson v. Schnellen*, 33 Wis. 288, is cited by counsel
for appellants in support of the contention that the result of
the vote was binding in respect to the waterworks plant.
That was a case arising under the statute empowering
towns to aid in the construction of railroads. The law in
respect to that subject contemplates a contract between the
people and the railroad company. The court held that in
case of such an agreement, made according to law, which
requires a proposition on the part of the railway company
to be made to the people of the town, and its acceptance by
a vote of the legal voters of such town, the town officers
thereafter possess no authority to vary its terms. We are
unable to see how *Lawson v. Schnellen* can have any applica-
tion to the case.

Passing from this, with the conclusion that the defendant

Ellinwood and others vs. The City of Reedsburg and others.

city possessed corporate authority to build a waterworks and electric lighting plant, and that the council possessed authority to change the plans adopted on the morning of the election, we reach the last point:

3. Does the city of *Reedsburg* possess authority, under its charter, to borrow money and issue bonds for the construction of a system of waterworks and electric lights?

Our attention is called to secs. 119 and 129 of the city charter, which provide that " the city shall have no power to borrow money or contract any debt which cannot be paid out of the revenues of the fiscal year, which shall commence on the first day of December of each year, *except as otherwise provided,*" and that " the city may procure, lease, hold and convey real and personal property for municipal purposes, provided that no debt shall be incurred for any such purchase which cannot be paid out of the revenues of the fiscal year;" also sec. 79, which provides that " no money shall be appropriated for any purpose whatever *except such as is expressly authorized by the city charter.*" And the claim is made and pressed upon the attention of the court, confidently, by the learned counsel who ably presented the cause for appellants, that these strong, plain, prohibitory clauses leave no room for argument but that the right to issue $25,000 of corporate bonds under the charter of the city of *Reedsburg* does not exist. Keeping in mind the significant words contained in sec. 119, " *except as otherwise provided,*" and in sec. 79, " *except such as is expressly authorized by the city charter,*" we reach the conclusion that, if they clearly relate and apply to some provision of the charter expressly providing that the city may borrow money and incur indebtedness for the purpose of providing waterworks and electric lights, then appellants' contention must fall. We find that sec. 1 of the charter provides that the corporation " shall have all the powers possessed by cities under the general statutes of the state of Wisconsin, and in addition thereto the

powers granted in the act of incorporation." By this provision all the powers possessed by cities under the general statutes of the state, as they existed at the time of the adoption of the city charter in question, were expressly conferred by such charter upon the city of *Reedsburg* as effectually as if such general statutes had been embodied in it.

This leads up to a reference to secs. 942, 943, R. S., which were in force when the charter in question was adopted, and provide as follows:

"Sec. 942. Any county, town, village or city may, in accordance with the provisions of this chapter, issue its negotiable corporate bonds for . . . the following purposes, *viz.:* . . . The purchase or erection of pumps, water mains, reservoirs or any other waterworks, . . . or to accomplish *any other purpose in the lawful power of such corporation.*

"Sec. 943. No bonds shall in any case be issued by any town, village or city, until the proposition for their issue for the special purpose thereof shall have been submitted to the people of such municipality, and adopted by a majority voting thereon."

We hold that secs. 79, 119, and 129 of the city charter, and 942 and 943, R. S., should be taken together in determining the extent of the power of the city to issue its corporate bonds. When so taken, the power to issue bonds for the purposes contemplated by the resolution submitted to and adopted by the people of the city of *Reedsburg* appears plainly to exist by express provision of law.

It follows from the foregoing that the judgment of the circuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.