FLANNAGAN, Respondent, vs. BUXTON and others, imp., Appellants.

*January 13—January 31, 1911.*

*Municipal corporations: Implied powers: Villages: Employment of private detectives.*

1. Municipal corporations may exercise only such powers as are clearly embraced within the legislative grant or those derived therefrom by necessary implication.

2. Under sec. 893, Stats. (1898), granting to the village board power to establish ordinances "for the government and good order of the village, the suppression of vice and immorality, the prevention of crime," etc., and "to appoint policemen, night watchmen and superintendent of police, and to prescribe their duties," there is no implied authority, unless under special and extraordinary circumstances, to employ private detectives to investigate and report upon violations of law in the village.

APPEAL from an order of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The plaintiff, a resident elector, property owner, and taxpayer of the village of Readstown, brings this action to recover the sum of $95. It is alleged that certain of the defendants, under claim that they acted as officers of the village, instructed the defendant village treasurer to draw expense warrants on the village treasury, that the president and treasurer did draw them, and that the village treasurer paid them out of the village funds. The expense warrants were drawn for detective work in favor of Walter Garder, an agent of the defendant the American Detective Service Company. It is alleged that the resolution of the board of trustees authorizing the employment of the defendant the American Detective Service Company stated that it was "to investigate and report upon violations of the laws in said village of Readstown." It is alleged that these payments were made without authority in the law and that they were unlawful. Plaintiff demands recovery in behalf of the village of the amount so paid out of the village funds, and for his costs and

disbursements.   This is an appeal from the order of the court overruling a demurrer to the complaint.

The cause was submitted for the appellants on the brief of *C. W. Graves,* and for the respondent on that of *C. J. Smith.*

SIEBECKER, J.   The contention of the defendants is that the funds of the village were properly applied to a village debt which had been rightfully incurred in the execution of corporate functions in administering the government of the village.   Sec. 893, Stats. (1898), grants villages the power to establish ordinances and by-laws for the government and maintenance of good order of the village, the prevention of crime, and the suppression of vice and immorality, and authorizes the village board "to appoint policemen, nightwatchmen and superintendent of police, and to prescribe their duties. . . ."   No express grant of power is conferred authorizing these village boards to employ private detectives for the purpose of conducting an investigation to ascertain whether the criminal laws have been violated within the village.   It is argued that, though such power is not expressly conferred, it is an incident to the corporate functions which impose on the village officers the duty of employing the measures necessary to maintain security and good order and to enforce the law by the prosecution and punishment of offenders.

The policy of the state is that municipal corporations are to exercise only such powers as are clearly embraced within the legislative grant or those derived therefrom by necessary implication, and to this end municipal grants of power are construed so as to confine the corporate authorities to the employment of such means and measures as are necessary to effectually execute the powers conferred.   Upon this subject this court in *Butler v. Milwaukee,* 15 Wis. 493, declared:

"Implications of authority in bodies corporate, more especially those created for municipal purposes, should be clear and undoubted. . . . Implications spring from the necessities of some power actually conferred, and not from notions

of what would be convenient or expedient under particular circumstances."

See, also, *Davis v. Cherry,* 53 N. J. Law, 173, 20 Atl. 825; McQuillin, Mun. Ord. § 53 *et seq.;* 28 Cyc. 262, "(d) Implied Powers."

Applying these principles of construction to the instant case, can it be said that the powers conferred and the duties imposed on the village officers authorize the employment of detectives to conduct an investigation to ascertain whether the laws have been or are being violated within the village? The legislature has conferred authority on village boards to appoint officers for policing the village. This express grant provides a means for carrying into effect its general police authority to secure peace and good order in the village and the enforcement of the criminal law. In the judgment of the legislature this provided a proper and adequate means to execute these corporate functions in the state of affairs that is generally and ordinarily expected to exist in these communities, and negatives any implication of authority to employ other and private agencies to discharge these corporate functions. Should an extraordinary and unusual state of affairs arise respecting the violation of criminal law, which of necessity called for special and extraordinary means on the part of the village authorities to discharge these corporate functions, an implication of authority might arise for the employment of means and measures, in addition to those expressly conferred, which would be commensurate to meet the necessities of such an occasion. But no such occasion is presented under the allegations of the complaint.

We are of opinion that the trial court properly held that under the facts as alleged the village officers acted without authority in authorizing the employment of a private detective to investigate and report upon violations of the law in the village and in applying village funds in payment of such service.

*By the Court.*—The order appealed from is affirmed.