Miles, Appellant, vs. City of Ashland and others,
Respondents.

*October 21—November 16, 1920.*

*Municipal corporations: Authority of city to borrow money:
Limitations: Street paving not ordinary expense.*

1. The city of Ashland had the right to borrow money for the
   pavement of streets where in so doing it did not violate sec.
   3, art. XI, Const., prescribing a limitation of indebtedness,
   or sec. 925—142a, Stats., limiting the amount of tax to be
   raised in a municipality in any one year, though the money so
   .borrowed would exceed twenty per cent. of the levy for such
   purpose the preceding year, since money used for paving is
   not borrowed for "ordinary expenses" within the meaning
   of sec. 7, ch. 14, of the Ashland city charter (Laws 1889, ch.
   27), providing that the common council may borrow money
   to pay the "ordinary expenses" of the city, not exceeding
   twenty per cent. of the tax levy for the same purpose the
   preceding year, and since money so borrowed would be used
   for lawful municipal purposes for which the city is expressly
   authorized to raise money by taxation.
2. Except as limited by charter, statutory, or constitutional pro-
   visions a city may borrow money for all lawful municipal
   purposes; that is, for the purpose of discharging the duties
   imposed on it directly or by implication by its charter and
   for which it can raise money by taxation.

Appeal from a judgment of the circuit court for Ash-
land county: G. N. Risjord, Circuit Judge. *Affirmed.*

· Suit in equity by a taxpayer to enjoin the defendants
from performing a contract for the paving of certain streets
in the city of *Ashland* on the ground that the city had no
power to borrow the necessary money to pay for the paving.

It was stipulated that

"on the 26th day of August, 1919, the common council of
the city of *Ashland,* by more than a three-fourths major-
ity—in fact all the members of the council except the plaint-
iff voting in favor of the proposition,—passed a resolution
providing for the paving of certain streets and avenues men-
tioned in the plaintiff's complaint and at the same time

levied a tax on all the taxable property of the city, and that on the 27th day of August, 1919, in pursuance of said resolution the city borrowed from three different banks of the city, substantially the sum set out in the plaintiff's complaint [to wit, the sum of $42,000], and issued its certificates of indebtedness therefor, and that the same was placed in the special fund for the purpose of paying the city's portion of the contract in question, and thereafter and on the same date the contract was signed by the mayor and the city clerk and countersigned by the city comptroller; that the total tax levy for the year 1918 was $80,780.54, and that there was no levy made in 1918 for the purpose of paving or repaving any streets of the city, and that there was no money in a fund for the purpose of this contract prior to the placing of the amount there on August 27, 1919; and that the city had already borrowed prior to August 27, 1919, for current expenses, the sum of $20,000; that the city could still borrow the sum of approximately $95,000 and keep within its five per cent. constitutional limitation on August 27, 1919, and the levy of approximately $42,000 did not exceed three and one-half per cent. of the limitation of what could be levied as based upon the 1918 tax levy."

It was admitted that all the proceedings leading up to the making of the contract were regular and that the only attack was on the power of the city to enter into the contract and borrow the money. Upon the pleadings and facts stipulated the court found as conclusions of law "that the contract the city made with the defendant company is valid and binding and that plaintiff is not entitled to the relief demanded in his complaint." From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief signed by *Dillon & Tomkins*, attorneys, and oral argument by *J. J. Miles*, of counsel, all of Ashland.

For the respondents there was a brief by *W. Stanley Smith* of Ashland, attorney for the *City of Ashland* and city officers, and by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, attorneys for *J. Rasmussen & Sons Company*; and

the cause was argued orally by *Mr. Smith* and *Mr. John F. Kluwin.*

VINJE, J.    It will be seen from the stipulation of facts that the borrowing of the money in question did not violate the constitutional limit of indebtedness, which limit is five per cent. of the value of the taxable property as determined by the last assessment for state and county purposes.    Sec. 3, art. XI, Const.    Neither did it run counter to the provisions of sec. 925—142*a*, Stats., limiting the amount of tax to be raised in a municipality in any one year to not to exceed three and one-half per cent. of the assessed valuation of that year.    But it would violate the provisions of sec. 7, ch. 14, of the city charter (ch. 27, Laws 1889) that reads: "The common council may borrow money to pay the ordinary expenses of the city, not exceeding twenty per cent. of the tax levy for the same purpose the preceding year," if this money was borrowed for "ordinary expenses."    So the question arises, Was the money borrowed for ordinary expenses?    It is of course the duty of a city to maintain suitable streets for the use of the public, and in later times and in cities of considerable size the paving of streets is common and expensive.    Indeed, it may equal all the other expenses combined.    Owing to this fact, and that, at least as to any street that is paved, it is not annually recurring, but recurs only at long intervals, it cannot be said to be an ordinary expense but a special one.    This is emphasized by the long, complex statutory provisions that are made for meeting such expenses.    This was the view expressed by the trial court, and we think it is the correct one. Except as limited by charter, statutory, or constitutional provisions a city may borrow money for all lawful municipal purposes; that is, for the purpose of discharging the duties imposed upon it directly or by implication by its charter and for which it can raise money by taxation.    19

Ruling Case Law, 779 *et seq.* The paving of streets is such a purpose, and express power to tax for such purpose is given by statute. The defendants contend that under the implied powers of a city as defined in *Mills v. Gleason,* 11 Wis. 470; *Gilman v. Milwaukee,* 61 Wis. 588, 21 N. W. 640; *Ellinwood v. Reedsburg,* 91 Wis. 131, 64 N. W. 885; *Oconto City W. S. Co. v. Oconto,* 105 Wis. 76, 80 N. W. 1113; *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 143 N. W. 153; and *Milwaukee v. Raulf,* 164 Wis. 172, 159 N. W. 819, the borrowing would be justified. We prefer to rest it upon the express power given cities to raise money by taxation for street paving.

*By the Court.*—Judgment affirmed.