VILLAGE OF WONEWOC, Appellant, vs. TAUBERT, Respondent.

*November 12—December 9, 1930.*

74

*J. T. Dithmar* of Elroy, for the appellant.

For the respondent there was a brief by *James A. Stone* of Reedsburg, attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Mr. Daniel H. Grady* and *Mr. Stone.*

NELSON, J. No question is raised as to the verdict being fully supported by the evidence if the ordinance under which she was prosecuted was a valid ordinance.

The defendant contends here, as she did before the circuit court, that said ordinance is void (1) because the village of Wonewoc had no authority to enact it; (2) because the ordinance is indefinite and uncertain because it does not define "parking;" (3) because the ordinance is discriminatory; and (4) because it is unreasonable.

The plaintiff, on the other hand, contends that the village board had authority to enact this ordinance and that it is a valid ordinance.

So much of the ordinance as requires consideration is as follows:

"(1) The parking of any automobile on Center street between the north line of Washington street and the south line of Garden street, except crosswise of the center line of Center street, is hereby forbidden and prohibited."

The defendant's first contention, that said ordinance is void because the village of Wonewoc had no authority to enact any parking ordinance, we deem without merit. The village of Wonewoc was authorized by statute (sec. 61.34) :

"(12) . . . To prevent the incumbering of streets, sidewalks, crosswalks and alleys with carriages, carts, wagons, sleighs, sleds, buggies, railroad cars, engines, boxes, lumber, firewood or other substances or materials.

"(27) To ordain and establish all such ordinances and by-laws for the government and good order of the village. . . .

"(28) To prescribe penalties for the violation of any ordinance or by-law, to be not less than one dollar nor more

than two hundred dollars in any case, besides the cost of suit in all·cases; and in default of payment to provide for the committing of the person convicted to the watch house or place of confinement in the village or to the county jail until payment be made, but not to exceed ninety days in all."

While there was no express authority conferred upon villages to enact an ordinance such as the one under consideration, the right to enact such an ordinance may be implied from the authority conferred by the above quoted statutes. The parking ordinance is clearly a police regulation and we have no hesitation in holding that such power may be implied from the statutory authority given. It is the settled law of this state that villages not only have such powers as are expressly conferred upon them but all such powers as are necessarily implied from the powers conferred. *Ellinwood v. Reedsburg,* 91 Wis. 131, 64 N. W. 885; *Flannagan v. Buxton,* 145 Wis. 81, 129 N. W. 642; *Superior v. Roemer,* 154 Wis. 345, 141 N. W. 250; *First Wis. Nat. Bank v. Catawba,* 183 Wis. 220, 197 N. W. 1013. In 1 Cyclopedia of Automobile Law, p. 178, § 5, it is said:

"Under the powers generally conferred upon municipalities to regulate the use of their streets to the end that they may secure to the inhabitants and the general public a convenient and unobstructed use and enjoyment of its (their) thoroughfares for their appropriate purpose, it is held without dissent that they ·may prohibit or restrict the right of parking or standing motor vehicles in the street, subject to constitutional restrictions as to class legislation."

Under the express and implied authority conferred upon villages, we entertain no doubt that the village of Wonewoc had authority to enact a reasonable ordinance relating to the parking of cars on its main business street.

Defendant's second contention, that the ordinance is void because uncertain in that it does not define "parking," we also deem without merit. The term "parking," as applied

to automobiles and automobile traffic, has a well-defined meaning, understood by all automobile drivers to mean not only the voluntary act of leaving a car on the street unattended but also the stopping of a car on the highway though occupied and attended for a length of time inconsistent with the reasonable use of a street, considering the primary purpose for which streets exist. Streets exist primarily for the purpose of travel. As was said in *Park Hotel Co. v. Ketchum,* 184 Wis. 182, 183, 199 N. W. 219, "The streets are dedicated for the primary purpose of travel. They are for the use of all, 'upon equal terms, for any purpose consistent with the object for which they are established; subject of course to such valid regulations as may be prescribed by the constituted authorities for the public convenience; this to the end that, as far as possible, the rights of all may be conserved without undue discrimination.' *Donovan v. Pennsylvania Co.* 199 U. S. 279 (26 Sup. Ct. 91), at p. 303."

Use of the streets for the purpose of travel incidentally and as a matter of course includes the right to stop at the curb for the purpose of taking in or letting out passengers or occupants of the car or for the purpose of loading or unloading merchandise or products. This use of the street is an incident of public travel and is in no sense "parking." No village has authority to prohibit such reasonable stopping of cars at the curb of its streets for the purposes above mentioned. When, however, a car is stopped at the curb of a street where parking is prohibited for a length of time greater than is reasonably required for purposes incidental to public travel hereinbefore mentioned, it then becomes a "parking" of the car and within the prohibitions of a no-parking ordinance. For one to claim that he has the right, as an incident of public travel and as an incident of the free use of a street, to stop his car for such length of time as suits his own pleasure or convenience in a no-parking

area, is so unreasonable as to merit no serious consideration. A similar contention was made in *Pugh v. Des Moines,* 176 Iowa, 593, 156 N. W. 892, L. R. A. 1917 F, 345, but the court disposed of it as follows:

"The plaintiff's contention, when reduced to the last analysis, is that, under this act of the legislature, all automobile owners and drivers are given full license to stop their cars upon the public streets when and where they please, and for such a length of time as suits their pleasure and convenience, and to leave them standing there, though to the great prejudice and inconvenience of the general public desiring to use the streets for their primary purposes; and the city, whose duty it is to keep the streets open and free from nuisance, is rendered as helpless as the shackled prisoner at the bar. The mere statement of the proposition is its own answer. Conceding, for the purpose of the argument, that the legislature has given to the automobile driver the free use of the public streets, and that the city has no power to exclude them from the free use of the public streets, we must construe this language to mean that free use which is involved in the right to come and go and drive upon the streets without let or hindrance. The idea of the free use of a street does not involve the right to obstruct the free use of the street. If one man, in the exercise of his right to the free use of the street, can stable his automobile upon the public street and leave it standing there, any number of persons can exercise the same right, until a point is reached where the travel upon the street is absolutely obstructed. Each, under plaintiff's contention, would be exercising his right to the free use of the street."

We hold that the ordinance is not void because of uncertainty or because of its failure to define "parking."

Defendant's third contention, that the ordinance is void because discriminatory in that it does not apply to all vehicles, is not in our opinion sound. Automobiles are employed in this day and age, at least in the summer time in this state, as the almost universal means of travel. They are clearly different and distinct from all other present-day vehicles and

there are substantial reasons, apparent to all, why automobiles may well be treated as a class and subjected to regulatory laws and ordinances peculiarly relating to them. To say that municipal authorities may not regulate them by ordinance, not inconsistent with the constitution and laws of the United States or of this state, as they shall deem expedient, without including in the same ordinance every other kind of vehicle and without applying the same rules to vehicles other than automobiles, seems to us not worthy of serious consideration. In *Brittingham & Hixon L. Co. v. Sparta,* 157 Wis. 345, 147 N. W. 635, speaking of an ordinance relating only to coal dealers, it was said at page 355, "the city had the right to place coal dealers in a class by themselves and legislate for the class, and so long as the legislation was reasonable there was no denial of the equal protection of the laws to the dealers." This decision seems to dispose of defendant's contention that the ordinance is discriminatory.

Defendant's fourth contention, that the ordinance is void because unreasonable, requires little discussion in view of what has already been said. The purpose of this ordinance was clearly to prevent congestion of traffic, to promote public safety, and to insure the use of the street for the primary purpose of public travel. To require the parking of cars crosswise of the center of the main street of the village of Wonewoc seems to us, under all of the existing conditions, to have been a reasonable regulation.

For the reasons stated it is held that ordinance No. 51 of the village of Wonewoc was a reasonable enactment of the village board and was, at the time of its violation by the defendant, in no sense invalid.

*By the Court.*—The judgment of the circuit court is reversed, with directions to affirm the judgment of the justice of the peace.