THE CITY OF ROCHESTER, Plaintiff, *v.* FRANK QUINE, Defendant.

THE CITY OF ROCHESTER, Plaintiff, *v.* ALFRED WERMUTH, Defendant.

City Court of Rochester, Criminal Branch, May 8, 1939.

*Daniel J. O'Mara, District Attorney* [*Thomas P. Culhane, Assistant District Attorney* of counsel], for the plaintiff.

*John A. Millener*, for the defendants.

Mix, J. The defendant in each action moves to dismiss an information filed in the City Court of Rochester, Criminal Branch, charging him with a violation of the city parking ordinance (§ 97) by leaving a pushcart loaded with flowers standing for a period of twenty minutes in a zone designated by signs as a place where the parking of vehicles is prohibited during the period when it was alleged the pushcart was parked.

The defendant sets forth in his brief the claim that he is the holder of a disabled war veteran's license granted by the city and the State, and urges that the application of this parking ordinance to his pushcart is a curtailment of the vending rights granted by State statute in direct violation of the express provision of section 35 of the General Business Law providing that no local ordinance shall prevent or in any manner interfere with the hawking or peddling without the use of any but a hand-drawn vehicle, in any street, avenue, alley, lane or park of a municipal corporation. The construction of this section, however, is not properly before the court. The information is silent as to whether the defendant is or is not a licensed disabled war veteran. This claim could be raised as a defense on the trial, but we are here solely concerned with the allegations in the information itself.

Section 92 of the traffic ordinances of the city of Rochester defines the word " park " as follows: " Park, parking or parked shall mean the stopping of a vehicle upon any public highway for a longer time than is necessary to receive or discharge passengers, or load or unload merchandise." This definition is more broad than the definition of parking in section 2 of the Vehicle and Traffic Law, which defines parking as follows: " Park, parking or parked shall mean the stopping of a motor vehicle or motor cycle upon any public highway and leaving such motor vehicle or motor cycle unattended by a person capable of operating it, for a period longer than necessary to load or unload passengers or freight."

A comparison of these two definitions reveals that the Vehicle and Traffic Law which is State-wide in scope in its definition of

parking refers only to motor driven vehicles, while section 92 of the traffic ordinances of the city attempts to apply parking to all vehicles whether operated by motor or otherwise.

The use of the word "parking" in connection with the use of vehicles seems to have come with the advent of the automobile. The First Series of "Words and Phrases" has no reference to the word "parking" in this sense. The First Series was published in 1904. A case cited in the Fourth Series of "Words and Phrases," published in 1933 (*Village of Wonewoc* v. *Taubert,* 203 Wis. 73; 233 N. W. 755), states that parking "as applied to automobiles and automobile traffic, has a well-defined meaning, understood by all automobile drivers to mean not only the voluntary act of leaving a car on the street unattended but also the stopping of a car on the highway though occupied and attended for a length of time inconsistent with reasonable use of the street, considering the primary purpose for which streets exist." The court has been unable to find the origin of the use of this term with reference to the stopping of automobiles. It, however, has come into common usage in our language and is generally associated with the use of the motor vehicle.

Section 2 of the Vehicle and Traffic Law, subdivision 20, following the definition of parking, states: "This definition shall apply to all ordinances made by local authorities as provided by this chapter, notwithstanding the provisions of any local ordinance made prior to the adoption of this subdivision," and section 10 provides that except as otherwise expressly provided in this chapter, this article shall be exclusively controlling (a) upon the registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators thereof; (b) on their use of public highways, and section 54 of the Vehicle and Traffic Law provides that local authorities shall have no power to pass, enforce or maintain ordinances relating to the use of the highway that conflict with the provisions of the Vehicle and Traffic Law, and the purpose of that provision is well set forth in the opinion by WHEELER, J., in the case of *People* v. *City of Hornell* (8 N. Y. Supp. [2d] 976; affd., 256 App. Div. 113 and cases cited therein). Judge WHEELER stated that obviously the plain purpose and intention of the Vehicle and Traffic Law was to formulate a uniform law throughout the State to take the place of all previous statutes, ordinances or rules regulating the use of motor vehicles on the streets and highways of the State.

In this conflict of definition of parking, therefore, the definition set forth in section 2 of the Vehicle and Traffic Law must prevail. The title to the Vehicle and Traffic Law states that it is

" an act relating to motor vehicles, motor cycles, and highway traffic, constituting chapter seventy-one of the Consolidated Laws."

The attempt, therefore, by the city of Rochester to enact a parking ordinance which relates to vehicles not included in the definition in section 2 of the Vehicle and Traffic Law is contrary to the State statute and as to any vehicles not included in the state's definition is void.

Motion granted.  Information dismissed.