**D'ALLESSANDRO et al. v. BECHTOL.**

No. 9100.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1939.

Rehearing Denied Aug. 15, 1939.

W. D. Bell, of Arcadia, Fla., for appellants.

Edgar John Phillips and Harry L. Thompson, both of Clearwater, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment on a verdict for the plaintiff in an action for damages for personal injuries resulting from being struck by an automobile belonging to appellant George D'Allessandro, while the same was being operated by appellant Pete D'Allessandro. The points raised are the sufficiency of the declaration, the propriety of the exclusion of certain documentary evidence, and the sufficiency of the evidence to sustain the verdict.

A demurrer on behalf of George D'Allessandro was sustained to the first declaration filed by appellee, the allegation as to him being that his car was being operated with his knowledge and consent. An amended declaration was filed, wherein it was charged that appellants were partners, and that Pete D'Allessandro was operating the car within the scope of his employment at the time of the accident. Thereafter, the order sustaining the demurrer was set aside, and the first declaration was reinstated as a second count to the amended declaration. The trial was had on issues raised by pleas of not guilty and contributory negligence.

■ The proof showed that appellee and her companion were engaged in a joint enterprise in which they used an automobile with a trailer attached. At the time the accident occurred they had stopped the car and trailer, so that the latter extended a distance into the street and obstructed the view of anyone crossing the street at that point. Appellee, an elderly lady, undertook to pass in front of the car and trailer in order to cross the street, and was struck by appellants' car after proceeding about the distance that the trailer extended into the thoroughfare. She admitted that the trailer obstructed her view, and that she had insisted on doing the errand, which consisted in crossing the street to a store to obtain a package which had already been prepared for her, so that her companion could remain in the car to move it in case they were ordered to do so. There was testimony that appellants' car was travelling from 30 to 35 miles per hour, which, if believed by the jury, would be prima facie evidence of reckless driving.[1] Appellant requested an investigation by city and state authorities, and, on the trial, appellee used statements obtained in this investigation in cross-examining two of the witnesses. Thereupon, appellants offered the statements in evidence, but they were excluded on the objection of appellee. At the conclusion of the evidence, appellants moved for a directed verdict.

■ As to the sufficiency of the declaration which was reinstated as a separate count of the amended declaration, we note that this document was filed in October, 1937; that the demurrer was sustained in February, 1938; and that it was reinstated in October, 1938. The trial was had in January, 1939, so that, in testing the sufficiency of this count, we pass the question of its sufficiency at common law, and consider it under the new rules. Rules of Civil Procedure, Rule 86, 28 U.S.C.A. following section 723c.

■ Under the substantive law of Florida, knowledge and consent of the owner of the use of an automobile on the highways by another imposes liability upon the owner for injuries negligently inflicted. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Engleman v. Traeger, 102 Fla. 756, 136 So. 527; City Grocery Co. v. Cothron, 117 Fla. 322, 157 So. 891. With this in mind, it seems clear that, the other allegations being sufficient, the allegation that the use of the car was with the knowledge and consent of George D'Allessandro is a "short and plain statement of the claim showing that the pleader is entitled to relief" within the meaning of Rule 8 (a) (2). Moore's Federal Practice, 546, et seq.

■ The reason urged for the admission in evidence of the statements taken by the officers is that they were used in an attempt to lay a predicate for the impeachment of the witnesses, and that the line of questioning was such as to lead the jury to believe that there were discrepancies be-

[1] Section 1318, Compiled General Laws of Florida of 1927.

"No person shall operate a motor vehicle upon the public highway of this State recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger the property or the life or limb of any person: Provided, that a rate of speed in excess of twenty-five miles per hour in the residence portion of any city, town or village, and a rate of speed in excess of fifteen miles per hour in the business portion of any city, town or village * * * shall be deemed prima facie evidence of reckless driving * * *."

tween the statements and the testimony given on the trial. Appellants insist that they had a right to rebut any such inference that might have arisen. The trial judge heard the examination of the witnesses, and was best able to determine its effect. Appellee was within her rights in examining the witnesses touching their previous statements. To have allowed the documents to be introduced might have given undue weight to their contents. The judge well may have considered the offer of the documents in evidence by appellants sufficient to erase any false impression they may have had. The matter is one which should reside within the sound discretion of the court. Palace Cafe v. Hartford Fire Ins. Co., 7 Cir., 97 F.2d 766, 770. Cf. Traveler's Ins. Co. of Hartford, Conn. v. Person, 58 F.2d 210, 214.

 Appellants assume that the position of the car and trailer at the time of the injury is sufficient evidence of negligence on the part of appellee. No statute or ordinance which might have been violated thereby has been either pleaded or proved. No fixed rule as to when or where a person may stop his vehicle upon a thoroughfare can be established other than by statute. Whether or not such stopping constitutes negligence requires a consideration of the nature of the street or highway, the use to which it is being subjected, its condition as to surface, light, and weather, the presence of pedestrians and other vehicles, and any of a number of other circumstances which a reasonably prudent man would take into consideration for his own safety and for the safety of others. The question is one of fact, and, in this case, was properly submitted to the jury. Village of Wonewoc v. Taubert, 203 Wis. 73, 233 N. W. 755, 72 A.L.R. 224; Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870; Bowmaster v. Wm. H. Depree Co., 252 Mich. 505, 233 N.W. 395; Martin v. Oregon Stages, 129 Or. 435, 277 P. 291; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262.

 The jury having found that appellee was not guilty of contributory negligence on account of the manner in which the car and trailer were parked, it cannot be seriously urged that she was negligent in assuming that no one would come from behind the trailer at an excessive or reckless rate of speed. There was substantial evidence that appellant Pete D'Allessandro did so, and that appellee was unable to avoid being struck after discovering his

approach; this made the case peculiarly one for the jury. The fact that this testimony was contradicted by that of other and apparently disinterested witnesses would not have justified the court in directing a verdict for appellants. Texas & Pacific Ry. Co. v. Cox, 145 U.S. 593, 12 S.Ct. 905, 36 L.Ed. 829; Gardner v. Michigan Central Railroad Co., 150 U.S. 349, 14 S.Ct. 140, 37 L.Ed. 1107; Baltimore & O. Ry. Co. v. Groeger, 266 U.S. 521, 45 S.Ct. 169, 69 L. Ed. 419; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

The judgment of the district court is affirmed.

