Van Ness and others, Respondents, vs. Rindle, Appellant.

*January 15—February 17, 1948.*

For the appellant there were briefs by *Bull, Biart & Bieber-stein* of Madison, and oral argument by *Nat P. Biart*.

For the respondents there was a brief by *Walker & Latton* of Portage, and oral argument by *Dorothy Walker*.

ROSENBERRY, C. J.    The statement of facts in the stipulation and as found by the court are prolix and stated with much more particularity than is necessary to an understanding of the issues in this case.

The statement of facts contained in the brief of the appellant, on the contrary, is brief, and with slight modifications it is adopted.

On July 8, 1946, at the annual school-district meeting of Joint School District No. 2 of the towns of West Point and Lodi, hereinafter referred to as the "school district," the meeting adopted a motion to raise $1,400 by taxation to pay the expenses of the school district for the ensuing year.    Subsequently, but at the same meeting, a motion was made that the meeting vote on the question of furnishing transportation for the high-school students residing in the district to the Lodi high school in another school district.

Before a vote was taken on the motion some member of the district inquired as to whether the sum of $1,400, which the meeting had previously voted to raise by taxation to cover the expenses of the district, included any item for such transportation.    The clerk of the school-district board informed the meeting that it did and that the sum was $324.    Thereupon

the vote on the motion was taken, 14 voting for and 17 against transportation.

Notwithstanding this vote by the school-district electors the school-district board on September 9, 1946, voted 2 to 1 to furnish transportation at the rate of $1 per week per high-school student attending high school at Lodi. The defendant John Rindle, the treasurer, voted against the motion.

Parents of high-school students of the district were informed by the clerk of the board's action immediately after the meeting and in reliance upon such information the plaintiffs contracted with a certain bus owner for transportation to the Lodi high school for their children and paid for the cost of such transportation.

The plaintiffs are now seeking to recover from the district the amount so paid. Their claims were presented to the district board. The district board by resolution has allowed the claims and ordered that they be paid. The clerk drew the orders for payment, the director countersigned them, but when requested by the director and clerk to insert the name of the depository and sign each of said orders as treasurer and deliver the same to each of the claimants the treasurer refused and still refuses to do so.

On June 1, 1947, at the end of the school year the treasurer had on hand the sum of $579.11 against which there were unpaid bills of $160.85, exclusive of the claims of plaintiffs, which amounted in the aggregate to $288, and a claim of Walker & Latton amounting to $53. In its findings of fact and conclusions of law the court found that the district was liable in the amount of said claims and directed judgment to be entered in favor of the claimants for the respective amounts.

The defendant treasurer states the questions involved as follows: The electors of the school district at its annual meeting having voted against furnishing transportation for high-school students of the district, can the board of such district, notwithstanding such vote, enter into a contract and create an

absolute liability against the district to pay for such transportation?

The answer to this question depends upon the construction of sec. 40.475 (3), Stats. 1945, which is as follows:

"Any town, at the annual town meeting, or the governing body of any school district, village or city, may provide transportation for all high-school students, residing more than two and one-half miles from a high school. Such transportation may be provided by a town, school district, village or city transportation system or by contract with parents or guardians, or otherwise."

No one questions the statement that the school-district board is the governing body of the school district. Reduced to terms applicable to the situation presented by the facts in this case the question is: Could the school-district meeting, by a vote not to furnish transportation, deprive the governing body, that is the school board, of the power to provide transportation? The defendant treasurer claims that it can, but the arguments made in support of his position are not persuasive. The trial court correctly held that where a school board is authorized to provide apparatus, books, etc., it is authorized to create a liability of the district for these purposes by reason of the power vested in them to make the contract.

In *Oconto City Water Supply Co. v. Oconto,* 105 Wis. 76, 86, 80 N. W. 1113, the law was stated as follows:

"We believe the true rule to be that when the legislature confers authority upon a municipal body having power to levy taxes to contract a debt for some specific object, and makes no special provision for its payment, the very act of conferring the power to create the liability by implication, clothes the municipal authorities with power to levy the necessary tax to discharge it." See *Miles v. Ashland,* 172 Wis. 605, 179 N. W. 779; *Connor v. Marshfield,* 128 Wis. 280, 293, 107 N. W. 639.

The fact that under sec. 40.04 (5a), Stats. 1945, the annual common-school-district meeting has power to vote "a tax to

purchase, operate and maintain transportation vehicles and finance contracts for the use and services of such transportation vehicles and to purchase liability insurance for the same," does not abrogate or limit the power conferred upon the governing body of a common school district.

We entertain no doubt that the school board may, under the provisions of sec. 40.475 (3), provide transportation and obligate the district to pay therefor. If the district refuses to pay, other sections of the statutes provide how the liability may be enforced.

*By the Court.*—Judgment affirmed.