STATE EX REL. ROGERS, School Director, Appellant, vs. MILLIGAN, School Clerk, Respondent.

*March 11—April 5, 1955.*

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *Warren P. Knowles III.*

For the respondent there was a brief and oral argument by *E. Nelton* of Balsam Lake.

BROADFOOT, J. One question raised upon the appeal is whether a school district may enter into a binding twenty-year lease of a school building. A school district, like other municipalities, is authorized by statute to lease property, both real and personal. Such leases must be reasonable as to period of time. Leases of buildings for school purposes have been approved by the courts in other states for longer periods than twenty-five years. We are unable to find any Wisconsin case so holding. However, we do find cases wherein this court has approved contracts between cities and water companies for equal or greater periods of time and they were held to be reasonable. In *Oconto City Water Supply Co. v. Oconto,* 105 Wis. 76, 80 N. W. 1113, a thirty-year contract for the payment of hydrant rentals was held to be reasonable as to time. In the case of *Appleton Waterworks Co. v. Appleton,* 132 Wis. 563, 113 N. W. 44, a similar contract for twenty years was held to be valid and reasonable. There is no question but that a lease of a new building so constructed that it would have a useful life for school purposes beyond that term would be reasonable.

The next question presented is whether a lease for twenty years would create a present indebtedness for the aggregate amount of the rental payments. We said in the case of *State ex rel. Thomson v. Giessel,* 267 Wis. 331, 345, 65 N. W. (2d) 529:

"Historically the common-law principles governing the landlord-tenant relationship did not recognize future rent as a presently existing debt or liability. See 1 Tiffany, Landlord and Tenant, p. 1010, sec. 166. As Tiffany points out, although there be a lease, which may result in a claim for rent, which will constitute a debt, yet no debt occurs until enjoyment of the land has been had. 'The obligation to pay rent is contingent upon the lessee's continued enjoyment of

the land, and hence his liability is analogous to that of one who has agreed to pay for a building to be erected in the future, or for goods to be delivered, and not that of one who has promised to pay a sum unconditionally.'

"Similarly, the Minnesota court in *Ambrozich v. Eveleth* (1937), 200 Minn. 473, 483, 274 N. W. 635, 112 A. L. R. 269, stated:

" 'There is no obligation to pay until the rent is due according to the terms of the lease. Rent to be paid in the future is not a debt or liability for the recovery of which a present action will lie. The duty to pay rent may never arise by the happening of events which by the laws of property relieve a tenant from payment. Because the obligation to pay rent may never arise, it is regarded as contingent and not an absolute liability.' See also the recent case of *Protsman v. Jefferson-Craig Consolidated School Corp.* (1953), 231 Ind. 529, 109 N. E. (2d) 889."

We reaffirm that rule and would hold that under most circumstances a lease for twenty years would not create a present indebtedness for the aggregate amount of the rental payments. However, in the present proceeding the land upon which the schoolhouse is to be constructed is owned by the school district, which proposes to rent the site to the school-building company. The proposed lease from the school-building company back to the school district contains a provision that in case of a default in the payment of rent, the school-building company or its assigns could re-enter and take possession, not only of the building but of the site. The trial court studied carefully the case of *State ex rel. Thomson v. Giessel, supra,* and the case of *State ex rel. Rogers v. Milligan, supra,* and determined that the results, so far as the school district is concerned, would be the same if it was ejected from the premises for nonpayment of rent as it would be if a mortgage was foreclosed. Under the proposed plan the re-entry clause in the lease is objectionable. If the school-building company were also the owner of the site this objection to the lease would be eliminated.

There is a further provision in the lease which is invalid when considered with the resolution approving the proposed lease from the building company to the school district which, by its terms, attempts to levy an annual tax for the full term of twenty years for the purpose of paying the rent. That provision in the lease reads as follows:

". . . and to levy an annual *ad valorem* tax sufficient to provide such rentals, which levy will be made each year irrespective of whatever action may be taken by the voters of the school district, pursuant to section 40.04 (5), Wisconsin statutes, at the annual meeting."

We can find no authority in the statutes that permits a school district to levy an annual irrepealable tax over such a period of time for the payment of rent. There is authority in the statutes for school districts so doing for the payment of debts that are created, such as in the case of a bond issue or a temporary loan. In a lease that is otherwise proper the rent would only become due upon and after the due date. Probably the concern of the lessor school-building company with the levy of the tax is unnecessary. As was stated in *Oconto City Water Supply Co. v. Oconto, supra* (pp. 86, 90):

"We believe the true rule to be that when the legislature confers authority upon a municipal body having power to levy taxes to contract a debt for some specific object, and makes no special provision for its payment, the very act of conferring the power to create the liability by implication clothes the municipal authorities with power to levy the necessary tax to discharge it."

"The plaintiff had a complete and adequate remedy at law, so far as any fact is shown. It might, as it did, commence its action at law, and have the validity of its contract determined. Then, if the city refuses to make the proper levy, mandamus afforded it a complete and adequate remedy. The cases cited in 19 Wall. 655, amply support this conclusion, and nothing more remains to be said."

It is clear that the court there was using the word "debt" as it applied to a semiannual payment due under the terms of the contract and not to the aggregate of the payments due under the contract which would have greatly exceeded the debt limits of the city of Oconto. This case has been cited with approval as late as *Van Ness v. Rindle*, 252 Wis. 181, 31 N. W. (2d) 168.

*By the Court.*—Judgment affirmed.