424 P.2d 831

**Durlin F. LOGAN, Appellant,**

v.

**Maurice H. MARGOLIS and Helen Margolis, husband and wife, Appellees.**

**No. 2 CA–CIV 278.**

Court of Appeals of Arizona.

March 8, 1967.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellant.

Miller & Pitt, by Richard L. McAnally, Tucson, for appellees.

HATHAWAY, Chief Judge.

The appellant, Durlin F. Logan, was the defendant in a personal injury action which arose out of a motor vehicle accident in Tucson, Arizona. The appellees, Maurice

H. Margolis and Helen Margolis, husband and wife, instituted the action to recover damages for personal injuries allegedly sustained by Mr. Margolis when his automobile collided with the rear end of the defendant's milk truck.

The matter was tried to a jury which returned a plaintiff's verdict. The appellant contends that the judgment must be reversed and the cause must be remanded for a new trial (1) because the trial court erroneously instructed the jury that the defendant was negligent as a matter of law and (2) the trial court failed to instruct the jury on the exceptions to the no parking statute.

On the 25th of March, 1963, at about seven o'clock in the morning, Maurice Margolis, while driving easterly on Grant Road in Tucson, Arizona, collided with the rear end of the appellant's milk truck. Shortly before the accident, the appellant had temporarily stopped his milk truck to deliver milk to a house fronting on the south side of Grant Road. In the area where the truck was parked, Grant Road consists of four lanes, two in each direction. The truck was stopped in the lane nearest the curb; the engine had been left running and taillights had been left on while Mr. Logan made his milk delivery. Grant Road was posted in the vicinity with "No Parking" signs. There were alternative methods of delivery available—a driveway to the house and an alleyway directly south of Grant Road.

At the time of the accident Mr. Logan had finished his delivery and was returning to the truck. Mr. Margolis testified that he did not see the delivery truck because the sun was in his eyes.

Over the appellant's objection the trial judge gave the following instruction which had been requested by the appellees:

"You are instructed, members of the jury, that as a matter of law the defendant, Durlin Logan, was illegally parked on Grant Road at the time of the collision in question. This act of the defendant in violation of the applicable 'No Parking' law amounts to negligence in and of itself, since the violation of such a law is negligence per se. If you find this negligence on the part of the defendant was a proximate cause of the plaintiff's injury, then you may find for the plaintiff and award him damages as per these instructions."

The trial court refused the following instruction requested by the appellant:

"You are further instructed that the word 'park,' when prohibited means the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose and while actually engaged in loading and unloading, as applies to the city ordinance."[1]

The statute and the ordinance specifically excepts from the definition of parking the "* * * standing of a vehicle * * * otherwise than temporarily for the purpose of and while actually engaged in loading or unloading. * * *" Even jurisdictions having statutes that do not specifically except loading and unloading have interpreted "parking" as meaning something more than a mere temporary and momentary stopping. Stopping at the curb for loading and unloading passengers or merchandise has been held not to be parking. Village of Wonewoc v. Taubert, 203 Wis. 73, 233 N.W. 755, 72 A.L.R. 224 (1930); Andrews v. City of Marion, 221 Ind. 422, 47 N.E.2d 968 (1943). In Andrews v. City of Marion, supra, the court stated that parking involves the idea of using a portion of the street as a storage space for the automobile.

We cannot ignore this specific exception. We are of the opinion that the legislature and the city council recognize that temporary standing of a vehicle for purposes of loading or unloading is an incident of public travel. See Village of Wonewoc v. Taubert, supra. We conclude that it was error to instruct the

1. This was taken from the Tucson City Code, Chapter 17, Section 1, which is identical to Arizona Revised Statutes Section 28–602, subsec. 10.

jury that as a matter of law the appellant-defendant had violated the "no parking" law. Accord, Rieck-McJunkin Dairy Co. v. George, 162 Pa.Super. 132, 56 A.2d 261 (1948); Di Egido v. Kealy, 162 N.E.2d 163 (Ohio 1959); American Co. of Arkansas v. Baker, 187 Ark. 492, 60 S. W.2d 572 (1933).

■ In fact as a matter of law appellant's activity comes within the exception. The Pennsylvania Supreme Court in Rieck-McJunkin Dairy Co. v. George, supra, analyzed a similar situation thus:

> " * * * At most, even from the defendant's viewpoint, the question whether plaintiff's truck was parked within the meaning of the Vehicle Code for unloading was a question of fact for the jury and the jury in this case, on adequate instructions, resolved that issue in plaintiff's favor. *But regardless of that finding we would be obliged to come to the same conclusion on the undisputed facts in this case as a matter of law.* Plaintiff's driver had carried the cases of milk into the market, one at a time, and had returned two empty cases to the truck. The truck had been parked there, for not more than five minutes, and the driver was waiting to be paid for the milk before returning the third empty case to the truck, when the collision occurred. *It is sophistry to argue that plaintiff is barred from recovery because at the moment of defendant's tortious act its driver was not actually loading or unloading his truck.* The delay incident to obtaining payment for a C.O.D. delivery of goods is clearly so much a part of unloading goods from a truck as to exempt the vehicle under the exception of § 102 of the Vehicle Code * * *." [2] (Emphasis supplied)

■ Here at the time of the collision Mr. Logan had completed the delivery and was returning to his truck. Such action is incidental to unloading milk from the truck.

However it is impossible to determine whether the jury's verdict was based on statutory negligence or ordinary negligence. For this reason we remand the case for a new trial.

MOLLOY and KRUCKER, JJ., concur.

---

2. The Pennsylvania Vehicle Code § 102 provides:
   " 'The standing of a vehicle, except police or fire department vehicle or ambulance, whether occupied or not, upon a highway otherwise than temporarily for the purpose and while actually engaged in loading or unloading * * *.' "