## LONG v. UNITED STATES.

### No. 6112.

District Court, S. D. California,
Central Division.

May 25, 1948.

---

Samuel Reisman, of Los Angeles, Cal., for plaintiff.

James M. Carter, U. S. Atty., and Clyde C. Downing and Max F. Deutz, Asst. U. S. Attys., all of Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff seeks damages for personal injuries under the Federal Tort Claims Act, 28 U.S.C.A. §§ 921–946.

Two causes of action are asserted. In both it is alleged plaintiff's injuries were proximately caused by a civilian employee of the United States negligently driving an army staff car "so that the same was caused to collide with * * * the automobile in which the plaintiff was riding as a passenger * * *."

In one cause of action plaintiff pleads that at the time and place of the collision the civilian employee, one George Quinn, was operating the army staff automobile "in the course and scope of his employment or duties for the defendant * * *." In the other cause of action the comparable allegation is that Quinn was operating the army staff car "with the permission and consent of the defendant * * *." The answer of the United States joins issue on all these allegations.

The facts, as disclosed by stipulations and admissions of the parties and evidence adduced upon the trial, are as follows: George Quinn was employed by the War Department as a civilian driver. His station was an army camp near Riverside, California.

Early on Christmas Eve, 1945, Quinn was instructed to drive an army officer to the latter's home in El Monte, California. It was Quinn's duty to take the shortest and quickest route practicable, both going and returning to his station. Riverside is situated easterly from Los Angeles some 50 miles. El Monte lies between, some 15 miles east of Los Angeles, some 35 miles west of Riverside.

Quinn testified that after taking the officer to El Monte, he attempted to return to the Riverside camp, but lost his way in a fog. Shortly before midnight, while driving north on Broadway near 41st Street in Los Angeles, some 20 miles west and south of El Monte, Quinn negligently drove the staff car into the rear of an automobile in which plaintiff was a passenger, thus causing the injuries for which recovery is sought in this action.

Despite Quinn's denials, the facts are that he did not lose the way enroute to his station. Prior to employment by the Government, Quinn had been for many years a driver of public conveyances in Los Angeles and vicinity. After discharging his passenger at El Monte, he deliberately drove on to Los Angeles and to his mothers' home some 20 miles beyond his instructed destination. The collision occurred a few minutes after Quinn left his mothers' home to return to Riverside, following this Christmas Eve visit.

At the close of the evidence, the Government moved to dismiss the action for want of jurisdiction over the person of the defendant, urging that the United States has not consented to be sued in this court, by the Federal Tort Claims Act, 28 U.S.C.A. §§ 921–946, or otherwise, for injuries "caused by the negligence or wrongful act or omission" of a Government agent under the circumstances here shown.

28 U.S.C.A. § 931(a) provides that the district courts "shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States * * * on account of damage to or loss of property or on account of per-

sonal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. * * *"

By tests which the courts of California apply, it is clear that Quinn was not "acting within the scope of his office or employment" as a civilian driver for the War Department of the United States at the time and place of his negligent conduct [Loper v. Morrison, 1944, 23 Cal.2d 600, 145 P.2d 1; Gordoy v. Flaherty, 1937, 9 Cal.2d 716, 72 P.2d 538].

Even so, plaintiff urges, the Government has consented by 28 U.S.C.A. § 931(a) to be sued "under circumstances where * * * a private person, would be liable to the claimant" under any law of the place where the injury occurred; and a private owner of the motor vehicle involved in the case at bar would be liable under California's "permissive use" statute, § 402, Calif. Vehicle Code, for plaintiff's damages to the extent of $5,000.

Section 402 of the California Vehicle Code provides in part: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

As plaintiff points out, this California statute imposes liability without regard to the doctrine of respondeat superior. Assuming then that § 402 of the California Vehicle Code would apply notwithstanding violation by Quinn of limitations imposed upon time and place of use of the motor vehicle [cf. Henrietta et ux. v. Evans et al., 1938, 10 Cal.2d 526, 75 P.2d 1051; Engstrom v. Auburn Automobile Sales Corp., 1938, 11 Cal.2d 64, 77 P.2d 1059;

Bayless v. Mull, 1942, 50 Cal.App.2d 66, 122 P.2d 608]—and assuming also that an agent of the Government could give effective permission to use an army staff car for the driver's private purposes [See § 202, Public Law No. 49, 79th Cong., Act May 3, 1945, 59 Stat. 132, 5 U.S.C.A. §§ 77a, 78 (c) (2)]—the question remains whether the United States has consented to be sued on a claim founded upon liability imposed by state statute under circumstances where the doctrine of respondeat superior could not be invoked as a judicial basis.

■ Statutory language defining the scope of sovereign waiver of immunity to suit should be strictly construed [United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888]. Equally well settled is the duty of the courts to construe each legislative enactment so as to give "all the words used in the statute * * * their proper signification and effect" [United States v. Lexington Mill. & Elevator Co., 1914, 232 U.S. 399, 410, 34 S.Ct. 337, 340, 58 L.Ed. 658, L.R.A.1915B, 774].

■ By 28 U.S.C.A. § 931(a) the United States has consented to be sued in the federal courts on such claims arising from acts or omissions of a government employee "while acting within the scope of his office or employment," as a private employer would be called upon to respond for "in accordance with the law of the place where the act or omission occurred." Thus the lex loci delicti is in effect incorporated into the Act, enabling the federal courts to refer to the common law and statutes of the state or territory "where the act or omission occurred" in order to determine (1) what acts or omissions of an "employee of the government while acting within the scope of his office or employment" are negligent or wrongful and hence actionable; (2) who is entitled to maintain the action; and (3) what is the measure and extent of the recovery [State of Maryland v. United States, 4 Cir., 1947, 165 F.2d 869, 871].

■ Plaintiff contends that the clause "under circumstances where * * * a private person * * * would be liable

38

\* \* \* 'for such damage \* \* \*." serves to broaden the clause immediately preceding, and that the following sentence serves to resolve any doubt in favor of plaintiff's view. The sentence relied upon declares that "subject to the provisions of this chapter, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances \* \* \*." 28 U.S.C.A. § 931(a).

But this broad language is limited by the qualifying adjective "such". The claims for which the United States is to be liable in the same manner as a private individual are "such claims"; and the "damage \* \* \*" for which the Government consents to be sued in the same manner as a private person is "such damage. \* \* \*" Manifestly "such claims" and "such damage" refer back to claims "on account of damage \* \* \* caused by \* \* \* any employee of the Government while acting within the scope of his office or employment" [Rutherford v. United States, D.C. E.D.Tenn.1947; 73 F.Supp, 867; Perucki v. United States, D.C.M.D.Pa.1948, 76 F. Supp. 34].

By the Federal Tort Claims Act, 28 U.S.C.A. §§ 921–946, the United States has waived sovereign immunity to suit only as to claims "caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment \* \* \*." Claims arising under local law imposing liability upon an employer for conduct of an employee outside the scope of his employment, such as § 402 of the California Vehicle Code, are not embraced within the waiver. This interpretation gives full effect to all the words of the statute. The interpretation urged by plaintiff would read out of the Act the qualifying phrase "while acting within the scope of his office or employment."

For the reasons stated the action must be dismissed for want of jurisdiction over the person of the defendant. Counsel for defendant will submit findings of fact, conclusions of law and judgment pursuant to local rule 7 within ten days.