## CROPPER v. UNITED STATES.
### No. PCA 309.

United States District Court
N. D. Florida, Pensacola Division.
Nov. 22, 1948.

John M. Coe, of Pensacola, Fla., for plaintiff.

Hayford O. Enwall, Asst. U. S. Atty., of Gainesville, Fla., for defendant.

DeVANE, District Judge.

Plaintiff brought this action against the United States under the Federal Tort

Claims Act, 28 U.S.C.A. 921 et seq.[1] to recover for personal injuries sustained by him.

The complaint alleges that on July 12, 1946, one M. O. Robbins, a soldier in the Army of the United States, while in the performance of his duties as such, was operating an automobile, the property of the United States, in an easterly direction along Gregory Street in the City of Pensacola, Florida, and recklessly and negligently drove or caused to be driven the said motor vehicle against plaintiff, who was then crossing said highway near its intersection with Tenth Avenue. As a result of this accident plaintiff was knocked down, his leg broken and was otherwise injured.

The answer admitting that Robbins was a soldier in the Army of the United States and was operating the automobile involved in the accident, property of the United States, but denies that said soldier was then and there in the performance of his assigned duty and alleges that he was not acting in line of duty. As a further defense defendant denies that said soldier recklessly and negligently drove or caused to be driven said motor vehicle against plaintiff and further that plaintiff was guilty of contributory negligence and by reason of said contributory negligence he is not entitled to recover.

The evidence shows that on July 12, 1946, M. O. Robbins, a soldier in the Armed Forces of the United States, operating an Army staff car, was assigned to drive a chaplain connected with the Army and stationed at Elgin Field, Florida, to such outlying fields as said chaplain desired to visit on that day. When Robbins reported to the chaplain, at his home a short distance from Eglin Field, the chaplain advised him that his services were not needed and directed him to return to the Army Motor Pool at Eglin Field, for further assignment. Instead of obeying this direction Robbins drove the staff car into Pensacola, Florida, some forty-five miles from Eglin Field, After remaining in Pensacola for a short time Robbins then started on the return trip to Eglin Field and the accident occurred before he got beyond the corporate limits of Pensacola.

■ The evidence in the case clearly established plaintiff's right to recover for the injuries suffered by him, if this court has jurisdiction of the suit. The evidence also clearly shows that Robbins had deviated from the instructions given him in the morning when he left the Army Base with the staff car. However, when he left Eglin Field he was in lawful possession of the Army staff car, operating same with the knowledge and consent of his superior officer. Under the substantive law of Florida knowledge and consent of the owner of the use of an automobile on the highway by another imposes liability for the negligent operation of it, no matter where the driver goes. See D'Allessandro, et al. v. Bechtol, 5 Cir., 104 F.2d 845 and Florida cases there cited. See also Boggs et al. v. Butler, 129 Fla. 324, 176 So. 174.

The Tort Claims Act, in defining the conditions under which the United States is liable, stated that such liability accrues "under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death, in accordance with the law of the place where the act or omission occurred." Counsel for defendant contends that this language must be read with the other provision of the law limiting the liability of the government to those cases only where its employee was "acting within the scope of his office or employment". There is no question that had the driver of the automobile in question been an employee of "a private person" the defendant by whom he was employed would be liable in this case.

■ In construing the Tort Claims Act, however, it must be kept in mind that the government has waived sovereign immunity to suits only as to claims falling squarely within the four corners of the Act. To hold that claims arising under local law imposing liability upon an employer for conduct of an employee outside the scope of his employment would materially enlarge the qualifying phrase of the Tort Claims Act that the government may be

sued for the negligent or wrongful act or omission of any employee of "the Government while acting within the scope of his office or employment". The views of this court on this issue are so well stated by District Judge Mathes in Long v. United States, D.C., 78 F.Supp. 35, that this court considers it unnecessary to do more than refer to that case and adopt the views therein expressed as its own.

For reasons stated, this action must be dismissed for want of jurisdiction over the subject matter of this suit, without prejudice to plaintiff to seek compensation by the route available to all claimants in those cases where the sovereign has not waived its immunity to be sued.