## JENKINS et ux. v. UNITED STATES.
### Civ. No. 130-G-Civ.

United States District Court
N. D. Florida, Gainesville Division.
March 3, 1952.

132

Charles M. Phillips, Jr., Joseph W. Nichols, Clearwater, Fla., for plaintiffs.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., George Earl Hoffman, U. S. Atty., Pensacola, Fla., for defendant.

DE VANE, Chief Judge.

This matter is before the court on motion to dismiss, or, in the alternative, for summary judgment. The court heard argument upon the motion and finds and holds that the motion for summary judgment should be granted upon the grounds stated below.

The complaint alleges that Dale Jenkins, a minor, aged 4 years, came to his death by drowning, on March 9, 1949, as the result of falling through a covering of a pit and into the pit containing water, which pit is alleged to have been located on lands then leased to defendant, and which pit is alleged to have been maintained by defendant negligently and in an unsafe and dangerous condition and as constituting an attractive nuisance to children of tender years.

The pleadings show that under date of April 4, 1942 defendant leased from Dixie County, Florida, a tract of land in said county for use as an Air Field Training Base and constructed thereon the Cross City Army Air Field with the necessary buildings and other appurtenances. The use of this property by the defendant, as an Air Field, was abandoned at the close of the Second World War, and defendant, sometime thereafter, notified the county of its intention to cancel the lease and surrender the property to the county.

The termination agreement between defendant and the county was executed by defendant on February 10, 1949 and executed by the county March 1, 1949. It was filed with the Clerk of the Circuit Court, in and for Dixie County, Florida, on March 9, 1949 and recorded March 10, 1949. The termination agreement reserved to defendant the right to remove from the property certain buildings located thereon. Defendant had previously sold these buildings to a third party, under agreement to demolish and remove them from the property, and they were in the process of being demolished and removed at the time of this accident.

Defendant had nothing, whatever, to do with the demolition or removal of the buildings—the third party being under obligation to demolish and remove them from said property. During the process of demolition an employee of the demolition purchaser took with him, on to the property, late one afternoon, little Dale Jenkins, now deceased, and another child, and while this employee was engaged in the business that took him to the property, these two children were at play when Dale Jenkins fell into the pit of water and was drowned.

It is the opinion of the court that upon this statement of facts there is no liability on the part of defendant to plaintiffs as the result of this tragic accident. Even conceding the employee of the demolition purchaser was also an employee of defendant (the strongest case that could be assumed) still there would be no liability for the reason such employee was not "acting within the scope of his office or employment" when he took Dale Jenkins to the scene of the accident. Cropper v. United States, D.C., 81 F.Supp. 81; Long v. United States, D.C., 78 F. Supp. 35.

A final judgment in favor of defendant dismissing the cause of action will be entered herein.