**Jack LeFEVERE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22786.**

United States Court of Appeals
Fifth Circuit.

June 10, 1966.

Edgar C. Booth, Tallahassee, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., Morton Hollander, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., for appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

JONES, Circuit Judge.

The United States assigned a number of motor vehicles owned by it to the

144th Transportation Company, Florida National Guard, at Marianna, Florida. On the morning of Saturday, June 1, 1963, National Guard Warrant Officer Thomas J. Mitchell dispatched a truck and a jeep to himself. He took the truck to Chattahoochee,, Florida, about twenty-five miles distant, where he used it for the raising of a sunken boat which he contemplated purchasing. Mitchell left the jeep at the armory in Marianna with Private Danny Pitts to be used by him in contacting Mitchell should any necessity for doing so arise. Pitts used the jeep to take another National Guardsman to see Mitchell on National Guard matters. While Mitchell was trying to get a pump operating in order to get the boat raised, he shouted for someone to get him a wrench. Joseph Hall, a brother-in-law of Mitchell, and others were spectators of the efforts to raise the boat. Hall got into the jeep and, accompanied by his brother Gayle, drove off to get a wrench. No one authorized Hall to take the jeep. In his words, "the jeep was there and I just hopped in it." Hall got a wrench at a service station and started back. Before reaching the scene of the boat raising, the jeep driven by Joseph Hall struck the appellant, Jack LeFevere. The appellant sustained injuries. He brought suit against the United States under the Federal Tort Claims Act.[1] In this complaint he alleged that Hall was driving at excessive speed and on the wrong side of the road when the jeep struck him. He claimed that he was permanently and totally disabled by his injuries. The United States made a motion for summary judgment. After the foregoing facts had been established by pleadings, affidavits and deposition, the district court granted the Government's motion and entered judgment against LeFevere, who has appealed.

LeFevere contends that under the Florida law a motor vehicle is a dangerous instrumentality when it is in operation on public roads and highways. Under this rule of Florida law, says LeFevere, the owner of a motor vehicle is liable for its negligent operation by another to whom the owner gave actual or implied permission to use it. We are told by LeFevere, citing MacCurdy v. United States, 5th Cir. 1957, 246 F.2d 67, cert. den. 355 U.S. 933, 78 S.Ct. 415, 2 L.Ed.2d 416, and other cases, that under the Florida law an employer-employee relationship arises between the owner and operator of a motor vehicle by implication. We have a grave doubt that the Florida courts would impose liability against a private person under circumstances such as are before us. This doubt we are not required to resolve.

The United States is to be held to liability if, and only if, there has been an injury caused by the negligent or wrongful act or omission of an employee of the Government. Whether a person, whose negligent or wrongful act or omission is said to be the cause of an injury, is a Federal employee, is to be determined by Federal law rather than by the law of the state. Blackwell v. United States, 5th Cir. 1963, 321 F.2d 96. The Federal statute includes the following definitions:

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

"Acting within the scope of his office or employment", in the case of a

---

1. Subject to the provisions of Chapter 171 [28 U.S.C.A. §§ 2761–2680] of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrong-

ful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C.A. § 1346(b).

member of the military or naval forces of the United States, means acting in line of duty.   28 U.S.C.A. § 2671.

 Joseph Hall, the driver of the jeep at the time LeFevere was injured was not in any sense a Federal agent or employee and cannot be made one by implication.   Mitchell, while on an expedition to raise a sunken boat was not acting in line of duty.   And finally, as was held in Maryland, for the Use of Levin v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205, a member of a National Guard is not an employee of the Federal Government within the Federal Tort Claims Act.   The judgment for the United States is correct.   It is affirmed.