391 So.2d 283 (1980)
Brigette RABIDEAU et al., and Monika F. Jennings et al., Appellants,
v.
The STATE of Florida and Oscar Sambrine, Appellees.
No. OO-341.
District Court of Appeal of Florida, First District.
December 4, 1980.
Rehearing Denied January 13, 1981.
Arnold R. Ginsberg, of Horton, Perse & Ginsberg, and Brumer, Cohen, Logan, Kandell & Redlus, Miami, for appellants.
Ronald W. Brooks and Mick Callahan of Brooks & Callahan, Tallahassee, for appellees.
McCORD, Judge.
This appeal is from a final summary judgment granted in favor of appellee, The State of Florida. We affirm.
On April 7, 1976, while operating a motor vehicle owned by appellee, The State of Florida, appellee, Oscar Sambrine, struck and killed Raymond Rabideau and Larry Jennings. Sambrine was employed as an investigator by the Secretary of State's Office and was supplied with an automobile for use in his work. On the day of the accident, after leaving work, he stopped at a bar and consumed six or seven drinks, leaving the bar at approximately 9:30 p.m. The accident occurred while he was driving home. This action for wrongful death was brought against the State and Sambrine by the survivors of Jennings and Rabideau. The State moved for summary judgment, asserting that at the time of the accident, Sambrine was outside the scope and course of his employment and, therefore, the State is protected from liability under the doctrine of sovereign immunity. In its order granting the State's motion, the trial court found no genuine issue of material fact as to the State's liability; that Sambrine was *284 not acting within the scope of his employment when the accident occurred, and § 768.28, Florida Statutes, which waives sovereign immunity in certain instances, only waives it as to a state employee who is "acting within the scope of his office of employment"; that Sambrine was not so acting when the incident occurred. We agree.
Appellants contend (1) that since the State allowed Sambrine to use the car 24 hours a day as part of his employment, he was not outside the scope of his employment when using the car beyond working hours and (2) that under Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), sovereign immunity only exists as to planning activities of the State; that the act makes the State liable for tort claims in the same manner and to the same extent as a private individual under like circumstances; that the State having given this broad waiver of sovereign immunity, it is liable under the dangerous instrumentality doctrine for Sambrine's operation of the State's automobile.
As to appellant's contention that Sambrine was acting within the scope and course of his employment when the accident occurred, he testified in his deposition that although he was allowed to take the state-owned vehicle home with him, he was aware that it was intended for business use only and that he was not allowed to use the vehicle for personal use; that he understood that he was not allowed to use the vehicle after drinking and playing pool at a private club. In Burleson v. Stark, 357 So.2d 1038 (Fla. 4th DCA 1978), our sister court of the Fourth District, quoting from Morrison Motor Co. v. Manheim Services Corp., 346 So.2d 102 (Fla. 2d DCA 1977), said:
An employee's conduct is within the scope of his employment only if it is the kind he is employed to perform, it occurs substantially within the time and space limits of the employment and it was activated at least in part by a purpose to serve the master.
We agree with that statement. As applied to this case, Sambrine had left his employment and was not serving his master, the State, on his trip home via a bar and pool hall where he consumed a number of drinks.
Section 768.28, Florida Statutes, provides in pertinent part as follows:
(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
(2) * * *
(3) * * *
(4) * * *
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, ... (Emphasis supplied.)
The foregoing statute waiving sovereign immunity contains the specific limitation that the State is only liable for the tort of its employee while he is acting within the scope of his office of employment under circumstances in which the State, if a private person, would be liable to the claimant. Since § 768.28 contains this specific limitation, we are unable to construe subsection (5), which does not contain the same statement relative to state employees, to nullify such qualification to the State's liability. Certainly the legislature did not intend in one breath to establish this qualification and in the next to extinguish it. This limitation on the State's liability for the torts of its employees is necessarily applicable to *285 the dangerous instrumentality doctrine where someone is injured by a state employee who negligently operates an automobile entrusted to him by the State. Had the legislature intended to subject the State to liability for such negligent operation of a state vehicle by a state employee, it would have so provided in the waiver.
The Federal Tort Claims Act contains language almost identical to the Florida Waiver of Immunity Statute. It provides that actions may be brought against the government:
... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred ... [Title 28 U.S.C.A. § 1346(b).]
* * * * * *
The United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. [Title 28 U.S.C.A. § 2674.]
In construing the Federal Tort Claims Act in a case involving the same point of law as that presented here, the United States District Court, Northern District of Florida in Cropper v. United States, 81 F. Supp. 81 (N.D.Fla. 1948), said:
The evidence in the case clearly established plaintiff's right to recover for the injuries suffered by him, if this court has jurisdiction of the suit. The evidence also clearly shows that Robbins had deviated from the instructions given him in the morning when he left the Army Base with the staff car. However, when he left Eglin Field he was in lawful possession of the Army staff car, operating same with the knowledge and consent of his superior officer. Under the substantive law of Florida knowledge and consent of the owner of the use of an automobile on the highway by another imposes liability for the negligent operation of it, no matter where the driver goes. See D'Allessandro, et al. v. Bechtol, 5 Cir., 104 F.2d 845 and Florida cases there cited. See also Boggs et al. v. Butler, 129 Fla. 324, 176 So. 174.
The Tort Claims Act, in defining the conditions under which the United States is liable, stated that such liability accrues "under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death, in accordance with the law of the place where the act or omission occurred." Counsel for defendant contends that this language must be read with the other provision of the law limiting the liability of the government to those cases only where its employee was "acting within the scope of his office or employment". There is no question that had the driver of the automobile in question been an employee of "a private person" the defendant by whom he was employed would be liable in this case.
In construing the Tort Claims Act, however, it must be kept in mind that the government has waived sovereign immunity to suits only as to claims falling squarely within the four corners of the Act. To hold that claims arising under local law imposing liability upon an employer for conduct of an employee outside the scope of his employment would materially enlarge the qualifying phrase of the Tort Claims Act that the government may be sued for the negligent or wrongful act or omission of any employee of "the Government while acting within the scope of his office or employment". The views of this court on this issue are so well stated by District Judge Mathes in Long v. United States, D.C., 78 F. Supp. 35, that this court considers it unnecessary to do more than refer to that case and adopt the views therein expressed as its own.
For reasons stated, this action must be dismissed for want of jurisdiction over the subject matter of this suit, without *286 prejudice to plaintiff to seek compensation by the route available to all claimants in those cases where the sovereign has not waived its immunity to be sued. (Cropper, at 82, 83.)
The United States Court of Appeal, Fifth Circuit, ruled to like affect in LeFevere v. United States, 362 F.2d 352 (5th Cir.1966). See also Hubsch v. United States, 174 F.2d 7 (5th Cir.1949); King v. United States, 178 F.2d 320 (5th Cir.1949); and Pacific Freight Lines v. United States, 239 F.2d 191 (9th Cir.1956).
Appellant's reliance upon Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), for the proposition that sovereign immunity only exists as to planning activities of the State, is misplaced. The Supreme Court was there dealing with planning activities versus operational activities, and it did not touch upon the limitation of the statute in relation to tortious activities of a state employee.
AFFIRMED.
MILLS, C.J., concurs.
BOOTH, J., dissents (without written opinion).