409 So.2d 1045 (1982)
Brigette RABIDEAU and Monika F. Jennings, et al., Petitioners,
v.
STATE of Florida and Oscar Sambrine, Respondents.
No. 60241.
Supreme Court of Florida.
January 28, 1982.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Brumer, Cohen, Logan & Kandell, Miami, for petitioners.
Ronald W. Brooks of Brooks, Callahan & Phillips, Tallahassee, for respondents.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported at 391 So.2d 283 (Fla. 1st DCA 1980). It concerns the vicarious responsibility of the state for state-owned vehicles under the waiver of sovereign immunity provisions of section 768.28, Florida Statutes (1979). The district court held that the state was not liable under the section for injuries caused by a state employee operating a state vehicle when the employee was acting outside the scope of his employment. After so holding, the district court certified the following question to this Court:
WHETHER SECTION 768.28, FLORIDA STATUTES, MAKES THE DANGEROUS INSTRUMENTALITY DOCTRINE APPLICABLE TO THE STATE OF FLORIDA.
We answer the question in the negative, finding there was clearly no legislative intent to hold the state vicariously liable by the enactment of section 768.28.
The relevant facts reflect that on April 7, 1976, Oscar Sambrine, an investigator for the Secretary of State's Office, was driving a state-owned vehicle and struck and killed Raymond Rabideau and Larry Jennings. Sambrine had possession of the vehicle twenty-four hours a day, and, on the date *1046 of the accident, ceased working at approximately 5:30 p.m. He then drove to a bar where he consumed six or seven drinks before leaving at 9:30 p.m. On his way home, he hit and killed the decedents as they were repairing their motorcycle on the roadside.
The decedents' survivors filed this action for wrongful death. On the state's motion, the trial court entered summary judgment in favor of the state on the grounds that Sambrine was not acting within the scope of his employment at the time of the accident. The district court affirmed.
Petitioners contend that section 768.28 does render the state liable because they assert Sambrine was acting within the scope of his employment at the time of the accident, given that he had twenty-four-hour-a-day custody of the state vehicle. Petitioners further assert that, even if Sambrine was acting outside the scope of his employment at the time of the accident, section 768.28(5) waives the state's immunity because it provides "[t]he state ... shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances." In petitioners' view, the legislature intended the state to be responsible under subsection (5) for all tort claims not included in subsection (1). Finally, as a policy matter, petitioners assert that it is totally inconsistent with Florida's dangerous instrumentality doctrine for the state to put state-owned vehicles on state roadways for twenty-four hours a day, seven days a week, and not be responsible for damages and injuries caused by the vehicles.
We disagree with petitioners' contentions, and approve fully the instant district court opinion. Any waiver of sovereign immunity must be clear and unequivocal. Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958). Had the legislature intended to accept vicarious responsibility for the operation of state vehicles while in use for nonstate purposes, we believe it would have expressly so provided. We hold, therefore, that twenty-four-hour assignment of a state-owned vehicle to a state employee does not enlarge state liability under section 768.28 to include acts committed outside the employee's scope of employment.
We further note, as did the district court, that this decision is in accordance with the federal court's construction of section 768.28's counterpart in the Federal Torts Claim Act. See, e.g., LeFevere v. United States, 362 F.2d 352 (5th Cir.1966); Cropper v. United States, 81 F. Supp. 81 (N.D.Fla. 1948).
The decision of the district court is affirmed and its opinion approved in its entirety.
It is so ordered.
SUNDBERG, C.J., and ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion, in which ADKINS, J., concurs.
BOYD, Justice, dissenting.
Section 768.28(5), Florida Statutes (1979), provides: "The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances... ." I dissent from the majority opinion because I believe the quoted language of the sovereign immunity waiver statute provides for liability in this case by reference to the doctrine of dangerous instrumentalities as developed in Florida case law.
If this were a case of a tort claim against the state for injuries negligently or wrongfully caused by an employee, by means other than an automobile or other dangerous instrumentality, acting outside the scope of employment, then the majority's disposition based on the language in section 768.28(1) would be correct. The dangerous instrumentality doctrine, however, operates independently from the doctrine of respondeat superior. Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947). Similarly, section 768.28(5) operates independently from the "scope of employment" language in section *1047 768.28(1). By virtue of section 768.28(5), the state has placed itself on equal footing with other persons who exercise the privilege of operating automobiles on the public roads.
Moreover, this interpretation of section 768.28(5) is not inconsistent with section 768.28(1). The liability of an automobile owner under the dangerous instrumentality doctrine "grows out of the obligation of the owner to have the vehicle ... properly operated when it is by his authority on the public highway." Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 441, 74 So. 975, 978 (1917). It is not a kind of strict liability based on ownership, but is based on the owner's capacity to protect the safety of the public by not relinquishing control of the vehicle to another. Compare Castillo v. Brickley, 363 So.2d 792 (Fla. 1978), with Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla. 1959). Therefore an owner is liable in tort for injuries caused by his vehicle, not because of simple ownership, but because of the wrongful act of relinquishing control of a dangerous instrumentality without ensuring its safe operation.
Thus in this case there was wrongful conduct on the part of the driver's superiors in entrusting a state vehicle to an employee for off-hours use. Such wrongful conduct of the superiors was surely committed within the scope of employment and section 768.28(1) is satisfied. It is a matter of convenience, and not necessity, for state agencies to allow employees off-duty custody of state vehicles. By doing so the state increases the likelihood of injuries and death caused by the negligent operation of the vehicles. The state should be liable for such negligent or wrongful conduct in the same manner and to the same extent as a private individual under like circumstances, and the legislature has clearly so indicated.
If the state were held liable in this case, the maximum amount of the judgment would be $100,000 by virtue of the limit imposed by section 768.28(5). Thus the survivors of each decedent would receive $50,000, probably not even close to the full measure of their damages. We are not concerned here with who will bear the full economic loss but rather with whether the state should partially compensate the decedents' survivors. Since the state could avoid future liability by not allowing employees the personal use of state cars, to hold the state liable here would not set a precedent that could unreasonably burden the public treasury or disrupt state government. Therefore the rationale of sovereign immunity does not apply to cases such as this. The legislature has recognized this fact by waiving it.
We should answer the certified question in the affirmative and hold the state liable.
ADKINS, J., concurs.