WENTWORTH, Judge.
Appellant seeks review of a final summary judgment entered upon a motion therefor by the Department of Transportation (DOT) which asserted that the monetary limits of the state’s waiver of sovereign immunity had previously been reached. We affirm the order appealed.
Appellant filed a negligence action in Polk County against the City of Lake Wales and its insurer; other defendants, including DOT, were thereafter joined. DOT obtained a transfer of the action against it to Leon County, and appellant settled his claim against the City of Lake Wales upon payment of $530,000 by the city’s insurer. DOT then moved for summary judgment, arguing that the state’s statutory limit of liability precludes any judgment against DOT for further damages. The trial court initially denied DOT’s motion, but subsequently rescinded and vacated its earlier order and entered a final summary judgment in favor of DOT “upon the issue of exhaustion of limits of liability

Section 768.28(5), Florida Statutes (1979), establishes that the state “shall be liable for tort claims in the same manner and to the same extent as a private individual _” However, such language is qualified by the provision’s further limitation that:
... Neither the state nor its agencies or subdivisions shall be liable to pay ... any claim or judgment, or portions thereof, which when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000....
Appellant contends that this $100,000 limitation applies independently to each governmental entity involved in the litigation, without regard to monies paid by other governmental entities. But a statutory waiver of sovereign immunity must be clearly expressed and strictly construed, see Rabideau v. State, 409 So.2d 1045 (Fla.1982); State ex rel. Division of Administration v. Oliff 350 So.2d 484 (Fla. 1st DCA 1977), and we do not discern any legislative intention to sanction disparate recoveries dependent upon the number of tortious governmental entities involved. Section 768.28(5) expressly provides that the specified governmental entites shall not be liable for any claim or judgment, arising out of a single incident, which exceeds $100,000 “when totalled with all other claims_” This language imposes a cumulative per-incident limitation on aggregate recovery regardless of whether the source of payment is a single governmental entity or multiple governmental entities.
Appellant also suggests that insurance proceeds should not apply toward the $100,000 limitation on recovery. But public funds were presumably expended by the city for payment of its insurance premiums, and § 768.28(13), Florida Statutes (1979), expressly provides for the purchase of liability insurance by governmental entities “in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section.” We therefore conclude that such insurance proceeds *502 may be applied to satisfy the liability limitation of § 768.28(5).
Appellant further argues that the action below should be allowed to proceed so as to establish a predicate for a possible legislative claim request. Section 768.-28(5), Florida Statutes (1979), provides that, despite the statute’s limitation on governmental liability:
... a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act ... and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
While this provision does authorize an excess judgment as a predicate for a legislative claim request, such authorization appears to contemplate an accompanying judgment otherwise allowed by § 768.28(5). Since a waiver of sovereign immunity must be clear and unequivocal, as well as strictly construed, see Rabideau, supra; Oliff, supra, the above-quoted provision should not be construed as providing any basis for an independent action which could be compensated only by subsequent legislative approval. We therefore conclude that an excess judgment is statutorily permitted only when accompanying a claim which is otherwise authorized by § 768.28.
We hereby certify the following question to be one of great public importance:
WHETHER SATISFACTION OF A CLAIM BY PAYMENT OF THE STATUTORY AMOUNT SPECIFIED IN § 768.-28(5), FLORIDA STATUTES, PRECLUDES A FURTHER CLAIM, OTHERWISE AUTHORIZED, IN EXCESS OF THE SPECIFIED STATUTORY AMOUNT?
The order appealed is affirmed.
BOOTH, J., concurs.
ERVIN, C.J., concurs and dissents with opinion.