575 So.2d 795 (1991)
Bruce CRAFT, Appellant,
v.
JOHN SIROUNIS AND SONS, INC., Ir Isreal, Thomas Joseph Lanadore, Richard Rhodes, James Young, the City of Deerfield Beach and the City of Fort Lauderdale, Appellees.
No. 89-2359.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
Carlos A. Rodriguez, Wilson & Rodriguez, Fort Lauderdale, for appellant.
Robert H. Schwartz, Gunther & Whitaker, P.A., Fort Lauderdale, for appellee  City of Fort Lauderdale.
Van E. Anastasiou, Fort Lauderdale, for appellee  City of Deerfield Beach.
PER CURIAM.
The plaintiff/appellant, Bruce Craft, appeals from a final summary judgment entered *796 in favor of the defendants. The record shows that Craft was drinking at a bar in Pompano Beach in the early morning hours when he got into a bar room brawl with four "off-duty" police officers. One of the officers was employed by the City of Deerfield Beach and the others were employed by the City of Fort Lauderdale. None of the officers was in uniform, carrying a gun, or wearing a badge. Craft was injured in the fight and sued the officers and the cities of Fort Lauderdale and Deerfield Beach alleging negligence. The cities moved for summary judgment and in support of their motion filed the affidavits of their chiefs of police. The affidavits both indicate that these officers were not on duty or acting for their respective cities at the time that the incident occurred. In opposition to the motion for summary judgment Craft filed a sworn statement alleging that one of the officers had used his authority as a policeman to tell the doorman at the bar not to get involved saying, "[T]his is none of your business, get back inside, we're police." Further, Craft relied on the affidavits of the police officers wherein each of them asserted that he was on duty 24 hours a day. The trial court granted the summary judgment.
Craft argues on appeal that there was an issue of fact as to whether the police officers were on duty at the time of the fight and whether they had apparent authority to act for the cities. We disagree and affirm the final summary judgment for the following reasons:
1) The sovereign immunity statute precludes such action in section 768.28(9)(a), Fla. Stat. (1989) which provides:
The state or its subdivision shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.
2) The conduct of the officers was not within the scope of their employment nor was their action in the interest of the cities. Conduct is only within the scope of employment if (a) it is the type of conduct which the employee is hired to perform, (b) it occurs substantially within the time and space limits authorized or required by the work to be performed, (c) the conduct is activated at least in part by a purpose to serve the employer. Sussman v. Florida East Coast Properties, Inc., 557 So.2d 74 (Fla. 3d DCA 1990); Curtis v. Bulldog Leasing Co., Inc., 513 So.2d 238 (Fla. 4th DCA 1987); Rabideau v. State, 391 So.2d 283 (Fla. 1st DCA 1981).
AFFIRMED.
ANSTEAD and WARNER, JJ., and WALDEN, JAMES H., (Retired), Associate Judge, concur.