ON MOTION FOR REHEARING EN BANC

COBB, Judge.
We have reconsidered this case en bane pursuant to a motion by the appellee, Volusia County, and we hereby vacate the original panel decision and substitute this opinion therefor.
McGhee appeals from a final summary judgment rendered in favor of Volusia County in this action for personal injury against the County and its employee, Deputy Hern-len, who allegedly battered McGhee.
The incident arose after Hernlen arrested McGhee in regard to an altercation at a restaurant in Astor, Florida. Hernlen transported McGhee to an office in DeLand, Florida. According to the deposition testimony of McGhee, he was booked and then the following incident transpired:
Q. Did you have conversations with (Hernlen)?
A. (Appellant). Just that we — he would ask me stuff, and then I said something back, and then I can remember telling him, you know, all your buddies or all you all come in my dad’s saw shop and to Mr. McGhee and me, you are, like, hey buddy-buddy and stuff like that, like force and then when they come in there, they are all good buddies and all like this, but when I get pulled over, I am a piece of dirt on the road. I told him that’s how it is. I said you don’t need to step foot in my saw shop. You don’t need to come in the door. You are not welcome. And he said you are threatening me? And he stands up and he lunges right at me and grabbed me and said you are threatening me? And then he *158 just went crazy on me, started kicking me.
Q. What did you say when that happened?
A. Shoot, I started crying, begging him to quit. He said, “What are you? A big pussy? That’s all you are.” He just kept on and kept on, and there wasn’t nobody around that could help me.
Based upon McGhee’s version of the incident the trial court found that the County could not be liable pursuant to the provisions of section 768.28, Florida Statutes (1989) for the reason that “the ultimate facts advanced by the plaintiff through pleadings and deposition testimony would show that an employee of a governmental entity was outside the course and scope of his employment or acted in bad faith or in a manner exhibiting wanton and willful disregard of human rights, safety or property.”
We agree with the trial judge. The applicable test to determine the liability of the County for the act of its employee in striking the plaintiff is simply this: can it reasonably be said that the action of the employee, even though unauthorized, was activated in some way by a purpose to serve the County? If the answer to that question is no, then the County is not liable as a matter of law and was entitled to the summary judgment it obtained. The appellant does not dispute that this is the applicable legal test — and there is no dispute as to the facts for summary judgment purposes. They are as asserted by the sworn deposition testimony of the plaintiff, which is quoted above.
It is clear from the deposition testimony of the plaintiff himself, Morris McGhee, that his version of the incident was that Officer Hern-len, in response to McGhee’s statement that Hernlen was no longer welcome at the McGhee saw shop, attacked him. The alleged battering was not activated, in whole or in part, by any purpose of Hernlen to serve the County. It had nothing to do with furthering the arrest of McGhee, any investigation of facts pertaining to that arrest, completing an arrest report, booking McGhee into jail, or any other county purpose.
The applicable rule of law is set forth in the landmark case of Columbia by the Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963). In Petty, the issue was whether or not one Jose Menendez, the maitre d’ of a restaurant, was acting within the scope of his employment with the restaurant when he committed an assault and battery upon Ray Petty, a patron of the restaurant. There was testimony that Menendez struck Petty while attempting to force him to pay his restaurant bill. This was enough, said the Second District, to create a jury issue as to whether Menendez was acting within the scope of his employment at the time of the assault, thus imputing liability to his employer, the restaurant. The opinion of Judge Allen, writing for the Second District majority, stated:
Although there is a cogent and persuasive argument that Menendez acted for personal reasons entirely divorced from his duties and responsibilities as maitre d’, it is not impossible to attribute the anger, assault and battery to overzealousness in the protection of what he envisioned as his employer’s interests.
It is noted that Menendez followed Petty to his motel, continuing the argument that originated in appellant’s restaurant, ordering the motel clerk to put the bill on appellee’s account, which was apparently in furtherance of his employer’s interest.
157 So.2d at 194.
It is clear from the opinion that had the physical altercation between Menendez and Petty erupted solely from a personal dispute between the two men, having nothing to do with an attempt by Menendez to collect money from Petty for the restaurant, there would have been no liability on the part of the restaurant. That reasoning, as applied to the instant case, supports the summary judgment for Volusia County entered by the trial court.
The case of Richardson v. City of Pompano Beach, 511 So.2d 1121 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 986 (Fla.1988), which is relied upon by the appellant, dealt with the sufficiency of pleadings, not summary judgment. The sole issue there was whether or not a municipality was automatically immunized from all intentional torts by *159 reason of section 768.28(9)(a), Florida Statutes. That is not the issue in the instant ease.
The facts relied upon by the appellant— Hernlen was on duty at the time of the incident and McGhee was in custody — cannot, standing alone, create a jury issue as to scope of employment under the waiver of sovereign immunity statute, section 768.28, Florida Statutes. See Craft v. John Sirounis and Sons, Inc., 575 So.2d 795 (Fla. 4th DCA 1991). To hold that a jury issue is created simply because Hernlen was on duty and McGhee in custody at the time of the incident would constitute a judicial imposition of strict liability upon the state and its subdivisions, contrary to the waiver statute itself.
AFFIRMED.
HARRIS, C.J., and W. SHARP and GOSHORN, JJ., concur.
GRIFFIN, J., concurs and concurs specially, with opinion.
DAUKSCH, J., dissents, with opinion, in which PETERSON and THOMPSON, JJ., concur.