Mr. Tom Herndon Executive Director State Board of Administration Post Office Box 13300 Tallahassee, Florida 32317-3300
Dear Mr. Herndon:
You ask the following question:
Is a member of the Investment Advisory Council created pursuant to section 215.444, Florida Statutes, an officer, employee, or agent of the state for purposes of the state's waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes?
In sum:
A member of the Investment Advisory Council created pursuant to section215.444, Florida Statutes, is an officer, employee, or agent of the state for purposes of the state's waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes.
Section 768.28, Florida Statutes, serves to waive the immunity of the state and its agencies and subdivisions to the extent specified in that section. The statute establishes monetary limits allowing payment by the state or its agencies or subdivisions not to exceed $100,000 to any one person and $200,000 for all claims or judgments arising out of the same incident or occurrence.[1]
Section 768.28(9)(a), Florida Statutes, provides:
"No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."
Thus, except as provided in section 768.28(9), Florida Statutes, the officers, employees, and agents of a state agency or subdivision are not personally liable in tort and may not be named as defendants in any action for injuries or damages suffered as a result of any act, event, or omission of action in the scope of their employment or function. The exclusive remedy for such injury is an action against the governmental entity or the head of the entity in her or his official capacity.
"State agencies or subdivisions" are defined to include "the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority."[2]
Section 215.444, Florida Statutes, creates the six-member Investment Advisory Council to review the investments made by the staff of the State Board of Administration and to make recommendations to the board regarding investment policy, strategy, and procedures.[3] The members of the council are appointed by the board and subject to confirmation by the Senate.[4] You state that the council is subject to the open government laws and that its members are subject to the standards of conduct for public officers contained in section 112.313, Florida Statutes.
The council serves in an advisory capacity to the State Board of Administration pursuant to Chapter 20, Florida Statutes, which sets forth organizational structure of the executive branch of state government.[5]
Section 20.03(7), Florida Statutes, defines "Council" or "advisory council" for purposes of Chapter 20 as "an advisory body created by specific statutory enactment and appointed to function on a continuing basis for the study of the problems arising in a specified functional or program area of state government and to provide recommendations and policy alternatives." The term "Agency" is defined for purposes of Chapter 20 to mean "an official, officer, commission, authority, council, committee, department, division, bureau, board, section, or another unit or entity of government."[6] (e.s.) The Investment Advisory Council would therefore appear to be a state agency and its members officers or employees of the state within the meaning of section 768.28(9)(a), Florida Statutes.
As stated by the Supreme Court of Florida in McGhee v. Volusia County,[7]
the intent of the 1980 amendments to the sovereign immunity statute, which added the language contained in section 768.28(9)(a), Florida Statutes, was "to extend the veil of sovereign immunity to specified governmental employees when they are acting within the scope of employment, with the employing agency alone remaining liable up to the limits provided by statute. That veil is lifted only where the employee's act fell outside the scope of employment, in which event sovereign immunity then shields the employing agency from liability."
In considering the impact of section 768.28(9)(a), Florida Statutes, this office has stated that where officers or employees of the state and its subdivisions do not act in bad faith or maliciously or in a manner exhibiting a wanton and willful disregard of human rights, safety or property, such officers or employees are not personally liable in tort for injuries or damages suffered as a result of any act or omission within the scope of their official duties.[8] Conduct is generally considered to be "within the scope of employment" within the meaning of section 769.28(9), Florida Statutes, if it is the type of conduct the employee was hired to perform, it occurs substantially within the time and space limits authorized or required by the work to be performed, and it is activated at least in part by a purpose to serve the employer.[9]
Accordingly, I am of the opinion that a member of the Investment Advisory Council created pursuant to section 215.444, Florida Statutes, is an officer, employee, or agent of the state for purposes of the state's waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 768.28(5), Fla. Stat.
[2] See, s. 768.28(2), Fla. Stat.
[3] Section 215.444(1), Fla. Stat.
[4] Section 215.444(2), Fla. Stat.
[5] See, s. 20.28, Fla. Stat.
[6] Section 20.03(11), Fla. Stat.
[7] 679 So.2d 729, 733 (Fla. 1996).
[8] See, e.g., Ops. Atty. Gen. 89-63 (1989) and 89-17 (1989). And see,Nelson v. Prison Health Services, Inc., 991 F. Supp. 1452 (M.D. Fla. 1997) (county sheriff was immune under Florida sovereign immunity statute from individual liability for state medical malpractice and negligence claims in connection with alleged failure of private medical services company to provide medical care to inmate in county jail, absent allegations that sheriff's actions or omissions were so extreme as to be outside scope of his employment).
[9] See, e.g., Craft v. John Sirounis and Sons, Inc., 575 So.2d 795
(Fla. 4th DCA 1991); Sussman v. Florida East Coast Properties, Inc.,557 So.2d 74 (Fla. 3d DCA 1990); Curtis v. Bulldog Leasing Co., Inc.,513 So.2d 238 (Fla. 4th DCA 1987).