HAZOURI, J.
Rocío Garcia, a minor, by and through her parent and best friend, Laura Garcia, and Laura Garcia and Armando Garcia, her parents (“Garcia”), appeal a final summary judgment entered in favor of the City of Hollywood (“City”). This case involves personal injuries sustained by the minor, Rocio Garcia, who as a pedestrian was struck by a vehicle owned by the City and operated by one of its police officers, Sergeant Norris Redding (“Sergeant Red-ding”). The trial court concluded that at the time of the accident in question, Sergeant Redding was not acting in the course and scope of his employment with the City, and therefore the City was not liable as a matter of law. We conclude that there were issues of fact to be resolved by a jury as to whether Sergeant Redding was acting within the course and scope of his employment. We therefore reverse and remand for further proceedings.
The accident in question occurred at approximately 6:00 a.m. on May 19, 2004. At that time, Sergeant Redding was driving to work in a marked “take-home” vehicle owned by his employer, the City. Sergeant Redding testified that the “take-home” policy provided that the vehicle could be driven to and from work. On the morning of the accident, Sergeant Redding was driving to work from home on the route that he had been taking on a daily basis for five or six years. As he was driving that morning, he struck and seriously injured the minor Garcia as she attempted to cross a roadway in an effort to reach her school bus. Sergeant Redding’s shift was to begin at 7 a.m. and he was going to work early that morning to study for the Lieutenant’s exam which was to take place several months later.
The vehicle “take-home” policy was part of the Collective Bargaining Agreement between the Broward County PBA and the City which provided in part that the purpose of the vehicle “take-home” policy was to provide the appearance of additional police presence. Sergeant Redding’s supervisor, Major Frank McGarry, testified that “take-home” vehicles are part of the City’s employment package and are “only permitted to be used portal to portal or for off-duty details.” McGarry testified that if a police officer is going to or from home in a police vehicle and witnesses a crime being committed, the officer must stop and take action. The officer must also be dressed in uniform and armed when operating a police vehicle.
Garcia argues on appeal that the trial court committed reversible error in granting Defendant’s Motion for Final Summary Judgment because the facts of this case demonstrate the existence of genuine issues of material fact as to whether Sergeant Redding was acting within the “course and scope of employment” at the time of the accident. “The standard of review of an order granting summary judgment is de novo.” Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). The party moving for summary judgment has the burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different rea *1002 sonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citations omitted).
Garcia asserts a jury issue exists regarding the “course and scope of employment” because (1) at the time of the accident, Sergeant Redding was operating a vehicle provided to him by his employer to be used only for transportation to and from work, (2) the “take-home” vehicle was part of the City’s employment package, and (3) Sergeant Redding was required to be in uniform while operating the vehicle.
The City argues in response that the trial court properly granted its motion for summary judgment as a matter of law because the uncontradicted testimony established that Sergeant Redding had yet to begin work when the accident occurred and was driving to work a full hour prior to the start of his shift. Thus, Sergeant Redding was not acting within the course and scope of his employment at the time of the accident. Furthermore, the City argues that although Sergeant Redding was driving a City-owned police vehicle, the ownership of the vehicle cannot impute liability against the City under the guise of the dangerous instrumentality doctrine as sovereign immunity had not been waived to invoke such liability.
The statute at issue in this case is section 768.28(1), Florida Statutes (2004), which provides:
In accordance with s.13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee’s office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act....
The Florida Supreme Court determined that section 768.28, Florida Statutes, does not make the dangerous instrumentality doctrine applicable to the State of Florida as “there was clearly no legislative intent to hold the state vicariously liable by the enactment of section 768.28.” Rabideau v. State, 409 So.2d 1045, 1045 (Fla.1982). The supreme court stated, “Any waiver of sovereign immunity must be clear and unequivocal.” Id. at 1046 (citations omitted).
In addition to holding that the dangerous instrumentality doctrine did not apply, the supreme court affirmed the trial court’s entry of summary judgment in favor of the state on grounds that the employee [1] was not acting within the scope of his employment at the time of the accident, even though he had twenty-four-hour-a-day custody of the state vehicle. Id. The supreme court concluded by holding that “twenty-four-hour assignment of a state-owned vehicle to a state employee does not enlarge state liability under section 768.28 to include acts committed outside the employee’s scope of employment.” Id. (emphasis added). However, Rabi-deau is distinguishable from the instant case. In Rabideau, the state employee had stopped working for the day at ap *1003 proximately 5:30 p.m. and then drove to a bar where he consumed six or seven drinks before leaving at 9:30 p.m. Id. at 1045-46. While on his way home from the bar and driving a state-owned vehicle, he hit the plaintiffs. Id. In this case, the accident occurred as Sergeant Redding drove the vehicle to the police station an hour before his shift started in order to study for his Lieutenant’s exam.
Section 768.28(1) specifically provides that a waiver of immunity occurs only if the employee is “acting within the scope of [his or her] office or employment. ...” Curtis v. Bulldog Leasing Co., 513 So.2d 238, 239 (Fla. 4th DCA 1987). Conduct is within the scope of an employee’s employment when it is the type of conduct he or she is employed to perform, it occurs substantially within authorized space and time limits, and it is activated at least in part by a purpose to serve the employer. Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 385 (Fla. 4th DCA 1999) (citations omitted).
The City argues that this court’s decision in Craft v. John Sirounis & Sons, Inc., 575 So.2d 795 (Fla. 4th DCA 1991), establishes that Sergeant Redding was not acting within the course and scope of his employment at the time of the accident. In Craft, this court affirmed the trial court’s order entering final summary judgment in favor of the defendants in a negligence action. Id at 796. The record showed that the plaintiff got into a barroom brawl with four “off-duty” police officers in the early morning hours. Id. “None of the officers was in uniform, carrying a gun, or wearing a badge.” Id. This court determined that the conduct of the officers was not within the scope of their employment and affirmed the summary judgment in favor of the employer cities. Id. This court reasoned that the conduct of the officers was (1) not the type of conduct that the officers were hired to perform, (2) the conduct did not occur within the time and space limits authorized or required by the work to be performed, and (3) the conduct was not activated by a purpose to serve the employer. Id.
Although Sergeant Redding in this case was also considered “off-duty,” he was on his way to the police station an hour before his shift started to study for the Lieutenant’s exam, in contrast to the officers in Craft who were drinking at a bar in the early morning hours. In addition, Sergeant Redding’s conduct could satisfy the three requirements set forth in Salit to be considered within the scope of his employment. Driving from home to work in a marked police vehicle, while in uniform, and subject to the requirement that he take police action if necessary, qualifies as the type of conduct he was required to perform. Also, the conduct, which occurred only an hour before his regular shift began, occurred substantially within the authorized or required time and space limits. Further, driving to work to study for an exam in order to be promoted to a Lieutenant, and then to begin his shift, is activated by a purpose to serve his employer.
In her dissent, Judge Gunther relies upon Palm Beach County Sheriff's Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990). We find Ginn distinguishable. In Ginn, the First District reversed the order of the judge of compensation claims which found that the injuries of the claimant law enforcement officer were incurred at a time when the claimant was acting within the course of his employment. Id. at 1060. Claimant, a Palm Beach County deputy sheriff, was off-duty and on a personal errand within the county when he was injured in an automobile accident. Id. As a fringe benefit of his employment, he had *1004 been provided the sheriffs office vehicle, which he was allowed to use on personal business and which he was driving at the time of the accident. Id. The First District reversed, finding that the claimant, although fully prepared to be called on duty, was not in the process of carrying out any “primary responsibility, which is the ‘prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.’” Id. at 1060.
Again, by contrast, Sergeant Redding was not on a personal errand, but rather was driving to work to prepare for an upcoming exam to be promoted to a Lieutenant. This certainly could be considered evidence of conduct activated at least in part by a purpose to serve his employer. We therefore reverse the granting of the final summary judgment and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

POLEN, J., concurs.
GUNTHER, J., dissents with opinion.

. Employee was an investigator for the Secre-taiy of State’s Office.