SHIVERS, Judge.
Larry Edward Johnson, a Dade County police officer, appeals workers’ compensation order denying him benefits.
Johnson claims the deputy commissioner erred: (I) in finding that his injuries were not sustained within the course of his employment with Dade County, and (II) in finding that Johnson was not an employee concurrently of Broward County and the Town of Pembroke Park at the time of the accident.
Claimant Johnson was driving to his home in Broward County at approximately midnight when he observed what appeared to be a breakin at a convenience store. The store was located a few hundred feet outside of Dade County within the Town of Pembroke Park, Broward County. Observing no police cars in the vicinity, claimant stopped to investigate. Claimant identified *912 himself as a police officer and a chase of the suspects ensued, resulting in an altercation in which claimant received a broken nose and other facial injuries.
A claim was filed against Dade County, Broward County and the Town of Pembroke Park. The deputy commissioner entered an order finding that claimant had left the jurisdiction of Dade County and was, therefore, not within the scope of his employment with Dade County, but was acting as a “volunteer” when the injuries occurred. The deputy commissioner found that claimant was not assisting any police agency, “nor was he engaged in an emergency” at the time of his injuries and that the theory of implied employment did not apply to either Broward County or the Town of Pembroke Park.
We conclude that claimant was injured in an accident arising out of an implied employment relationship with the Town of Pembroke Park and reverse.
The essential question on Point I is whether claimant’s employer, Dade County, imposed any duties or obligations on him, outside his jurisdiction, which would make Dade County responsible for any injuries he sustained while performing his duties. Johnson claims that the Dade County departmental directives, plus the fact that he was required by the department to be armed at all times, made him obligated or duty-bound to respond when he witnessed an apparent robbery in progress in Broward County.
While some of the provisions of the Law Enforcement Code of Ethics seem to encourage police officers to respond in such situations, the directives relating to on-duty and off-duty officers outside of their jurisdiction, make it clear that their authority is limited to fresh pursuit, prisoner transportation, and carrying a concealed weapon. Any other law enforcement-type action is not sanctioned by law and is undertaken as a “private citizen.”
The fact that claimant was required to carry a gun at all times does not necessarily indicate he was expected or required to use it outside his jurisdiction. In City of Miami Beach v. Valeriani, 137 So.2d 226 (Fla.1962), a Miami Beach police officer was assaulted approximately a mile from Miami Beach city limits while attempting to make an arrest before he had reported to work. The Supreme Court held that Officer Valeriani’s injury did not arise out of his employment with the City of Miami Beach. In the case sub judice, claimant was not authorized to take the action he took outside of his jurisdiction. His injuries, thus, did not arise within the course and scope of his employment with Dade County.
Injuries sustained by employees when going to or returning from their regular place of work are not generally deemed to have been incurred in the course and scope of their employment. Police officers, though, are often excepted from this rule. Here, however, claimant was out of his jurisdiction and was not covered under the police officer exception to the “going and coming rule.” See, City of Coral Gables v. Williams, 389 So.2d 1212 (Fla. 1st DCA 1980).
Claimant contends, in Point II, that by swiftly reacting to the emergency situation, he was engaged in an implied employment relationship with both Broward County and the Town of Pembroke Park. He asserts that although his assistance was not specifically requested, the emergency nature of the situation was sufficient to create an implied contract of employment with Broward County and the Town of Pembroke Park. By preventing the completion of a robbery as well as the escape of the thieves, he maintains he was carrying out the duties of either a Broward County or a Town of Pembroke Park police officer when he sustained his injuries.
A Mutual Aid Emergency Force Plan had been agreed upon by Broward County and the Town of Pembroke Park.
The Town of Pembroke Park argues that claimant was acting merely as a private citizen and that the Town of Pembroke Park does not desire to have its citizens intervene in such situations.
*913 We observe that a police officer, on his way home from work, who witnesses a felony in progress would feel a greater sense of obligation to respond to the incident than would a private citizen. It would seem that the public and the employer would have a greater expectation that a police officer take some action, since he is a public servant, specially trained and equipped to handle such situations. The officer here acted reasonably and well. There was no opportunity to notify the local authorities in time to prevent the apparent crime. Claimant undertook to handle the situation as best he could.
In Dade County Board of County Commissioners v. Picharello and Broward County Board of County Commissioners, Airport Police, IRC Order 2-3163 (Fla., May 20, 1977), an off-duty Dade County detective was at the Broward County airport to meet his parents. While there he saw a Broward County Airport police officer trying to take a man into custody. The man had knocked down several persons, including two airport police and had struggled with one for his pistol. A firearm had been discharged and the man was moving away from the Airport Police one of whom the man had wrestled to the ground. The Dade County detective assisted by stopping the subject, but was injured in doing so. The Commission held that the Dade County detective not being engaged in the course of employment with Dade County could not recover from Dade County. However, the Commission held that the Dade County detective was injured in an accident arising out of and within the course of an implied employment relationship with Broward County Airport Police.
Under the Mutual Aid Emergency Force Plan, Broward County ordinarily would not be called in a situation like this. We affirm the deputy’s finding that the theory of implied employment did not apply to Broward County.
However, the facts here support a finding that claimant Johnson was injured in an accident arising out of and in the course of an implied employment relationship with the Town of Pembroke Park. The Town of Pembroke Park is considered the employer and shall provide proper compensation for claimant’s injuries.
REVERSED and REMANDED.
ERVIN, J., concurs.
WENTWORTH, J., concurs and dissents, with opinion.