ZEHMER, Judge.
The City of Maitland and the Florida League of Cities appeal a workers’ compensation order ruling that claimant Robert Heatwole’s heart attack is compensable and that appellants are responsible for payment of compensation benefits. Claimant, a lieutenant with the City of Maitland Police Department, was working within his jurisdiction while on duty when he heard a radio call dispatching a Seminole County Sheriffs Department deputy to the scene of an alleged fight. Aware that he was the closest patrol vehicle to the scene and that the deputy sheriff had no available backup, claimant proceeded to the crime scene, which was outside the city limits of Mait-land, and assisted the deputy sheriff in apprehending the suspect. Immediately after the apprehension, claimant suffered a heart attack. The deputy commissioner found the heart attack resulted from unusual stress incident to this episode and awarded workers’ compensation benefits to claimant.
Competent, substantial evidence supports the deputy’s finding that claimant’s heart attack is compensable, and we affirm that issue without discussion.
We also affirm the deputy commissioner’s finding that the City, rather than the Seminole County Sheriff’s Department, is responsible for payment of the resulting worker’s compensation benefits. The record shows that the City of Maitland Police Department authorized claimant to provide backup for the Seminole County Sheriff’s Department and that the two departments routinely provide backup for each other without regard to whether such backup is rendered within the city of Mait-land. Regardless of the fact that the Sheriff’s Department received the direct benefit of the city police officer’s assistance outside the city limits, the City is nevertheless responsible for payment of claimant’s compensation benefits because the claimant was performing authorized assistance to the deputy sheriff and thus was acting within the course and scope of his employment with the city police department. Because the claimant was performing authorized acts while on duty for the City of Maitland, we need not invoke the doctrine of implied employment held applicable in Johnson v. Metropolitan Dade County, 424 So.2d 911 (Fla. 1st DCA 1983), and for this reason find that case materially distinguishable on the facts.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.