OWEN, WILLIAM G, Jr., Senior Judge.
The Village of Palm Springs, one of the defendants in this tort action, received a favorable summary judgment on the holding that it had civil liability immunity under the Good Samaritan Act, section 768.13, Florida Statutes (1987). Because we conclude that the Village was entitled to a summary judgment for a different reason, we affirm. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The facts are neither complex nor disputed. A milk truck being driven by appellant, Clinton Frawley, overturned on 10th *1328 Avenue in the City of Lake Worth. Lieutenant William Smith, a police officer of the Village of Palm Springs, while on an administrative assignment which took him into the City of Lake Worth, came upon the overturned truck. The officer stopped and assisted a City of Lake Worth paramedic in extricating Mr. Frawley from the overturned truck. Mr. Frawley, apparently uninjured when the truck overturned, sustained injury while being removed from the truck.
Mr. Frawley and his wife sued the City of Lake Worth and the Village of Palm Springs, alleging that Frawley’s injury was caused by the negligence of the City’s paramedic and the Village’s police officer. The Village asserted among its affirmative defenses that its employee acted as a “Good Samaritan,” entitling the Village to immunity from liability under the Good Samaritan Act, section 768.13(2)(a).[1] The Frawleys, by motion for partial summary judgment, sought an order determining that this particular defense was not applicable to police officers and paramedics who had a duty to render aid to persons in distress.
Because the Good Samaritan Act. by its terms applies only to one who acts “gratuitously,” the only issue which was presented to and considered by the trial court was whether Lieutenant Smith, an on-duty police officer then outside the geographical limits of his jurisdiction, had a duty to render aid and assistance to Mr. Frawley. If he did, it was argued, the officer acted under that duty and not gratuitously.
The trial court concluded that since Lieutenant Smith was outside the jurisdiction of the Village of Palm Springs at the time of the incident, he had no duty to render assistance under the circumstances. Accordingly, the trial court found that the police officer qualified under section 768.13(2)(a) as one who gratuitously and in good faith renders emergency care or treatment at the scene of an emergency....”[2] The court then went on to conclude that if the police officer was not liable, the Village of Palm Springs could not be liable. Consequently, the trial court denied plaintiffs’ motion for summary judgment and entered summary final judgment[3] in favor of the Village of Palm Springs.
While we think it evident that the Good Samaritan Act is intended to confer civil liability immunity solely on the individual actor, we need not decide that question. Even if the statute is intended to confer immunity on the good Samaritan’s employer, the statute still requires, as a condition to that immunity, that the person who gratuitously renders emergency care or treatment act (1) without objection of the injured victim, and (2) as an ordinary reasonably prudent person would have acted under the same or similar circumstances. Since in this case there was no showing of an absence of genuine issue of material fact concerning these latter two issues, summary judgment in favor of the Village of Palm Springs on the basis of immunity under the statute would not have been proper in any event.
Nonetheless, the trial court reached the correct result. The Village of Palm Springs enjoys sovereign immunity in tort, which immunity is waived only when the negligence of its employee occurs while the employee is acting within the scope of his employment. See § 768.28, Fla.Stat. *1329 (1987). Though Lieutenant Smith was within the course and scope of his employment at the time he came upon the scene of the overturned truck, he was outside of his jurisdiction. His humanitarian conduct in rendering emergency assistance was not activated by a purpose to serve the Village of Palm Springs. We hold, as did the trial court, that Lieutenant Smith did not have a duty to stop and render aid or assistance. When he did so, he was acting in his individual capacity and not within the scope of his employment as a police officer of the Village of Palm Springs. See Craft v. John Sirounis & Sons, Inc., 575 So.2d 795 (Fla. 4th DCA 1991); Curtis v. Bulldog Leasing Co. Inc., 513 So.2d 238 (Fla. 4th DCA 1987); State v. Griffis, 502 So.2d 1356 (Fla. 5th DCA), rev. denied, 513 So.2d 1063 (Fla.1987); Johnson v. Metropolitan Dade County, 424 So.2d 911 (Fla. 1st DCA 1982); Sturman v. City of Golden Beach, 355 So.2d 453 (Fla. 3d DCA), cert. denied, 361 So.2d 836 (Fla.1978).
The judgment is affirmed.
DOWNEY and WARNER, JJ., concur.

.Any person ... who gratuitously and in good faith renders emergency care or treatment at the scene of an emergency outside of a hospital, doctor’s office, or other place having proper medical equipment, without objection of the injured victim or victims thereof, shall not be held liable for any civil damages as a result of such care or treatment or as a result of any act or failure to act in providing or arranging further medical treatment where the person acts as an ordinary reasonably prudent man would have acted under the same or similar circumstances.

. We agree that the officer had no duty to render assistance in this case, and therefore could qualify as one who acted gratuitously.

. While the form of the order entered by the court is one dismissing plaintiffs amended complaint with prejudice as to the Village of Palm Springs, all parties have treated it as an order entering summary final judgment for the Village.