801 So.2d 203 (2001)
Denise RYAN, Appellant,
v.
Gary P. ROY and Desoto Insurance Company, Appellees.
Nos. 4D00-4489, 4D01-914.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
*204 Fred H. Gelston of Fred H. Gelston, P.A., West Palm Beach, for appellant.
Michele I. Nelson of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., West Palm Beach, for appellee, Gary P. Roy.
Lisa A. Oonk and Maureen M. Deskins of Butler, Burnette & Pappas, P.A., Tampa, for appellee Desoto Insurance Company.
KLEIN, J.
Appellant plaintiff was accidentally shot by appellee, a police officer, outside the officer's jurisdiction. The parties agreed that the issue of whether the officer has statutory immunity, because he was within his employment, is a question of law. The trial court granted the officer's motion for summary judgment, and we affirm.
The officer was employed by the City of Greenacres, working a twelve-hour night shift starting at 7:00 P.M. Late in the evening he drove into a service station, barely outside the Greenacres' city limits, in order to get a drink. He was wearing his uniform, driving a marked vehicle, and armed.
Before he went into the station he observed a vehicle fitting the description of a vehicle under criminal investigation. He called his dispatcher in order to determine whether it was the vehicle, but the officer investigating was not available. As he then walked toward the service station building two large dogs, possibly Rottweilers, jumped from the vehicle and came towards him, snarling and barking. He shot at them with his service revolver and the dogs ran off, but the plaintiff, who was filling her gas tank, was struck in the ankle by one of the bullets.
Under section 768.28(9)(a), Florida Statutes (1999), employees of the state or its subdivisions are immune from tort liability for conduct within the scope of employment unless they act maliciously or wantonly and willfully. There is no contention that the officer was guilty of anything more than ordinary negligence, and accordingly this case hinges on whether he was in the scope of his employment so as to be immune from suit.
The officer's supervisor testified on deposition that the City considered this officer to be on duty, that he had permission to go this far outside the jurisdiction to get a drink, and that protecting himself and others would be within the scope of his employment. He was required to stay within one mile of his jurisdiction when taking a break.
In arguing that the officer was outside the scope of his employment, plaintiff relies primarily on Frawley v. City of Lake Worth, 603 So.2d 1327, 1329 (Fla. 4th DCA 1992). In Frawley, the officer, while on an administrative assignment outside of his jurisdiction, stopped to assist a person injured in an accident and allegedly caused the person additional injuries. In the case against the officer, this court concluded that because the officer's "humanitarian conduct in rendering emergency assistance was not activated by a purpose to serve" his employer, he was not within the scope of his employment.
*205 This case is distinguishable from Frawley because the officer in this case was serving his employer by protecting himself from being injured by the dogs who were coming after him. It was clearly to the benefit of his employer for the officer to protect himself from injury because, if he had been injured, he would not have been able to work and the City would have been responsible for worker's compensation benefits.
Plaintiff also cites Craft v. John Sirounis and Sons, Inc., 575 So.2d 795, 796 (Fla. 4th DCA 1991), in which the officers were off-duty, not wearing uniforms, badges or guns, and got into a barroom brawl. This court affirmed a summary judgment holding that the officers were not within their employment, observing that their actions were not "in the interest of the cities." Craft is accordingly also distinguishable.
In Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829, 830-31 (Fla. 1st DCA 1985), a worker's compensation case, the court explained:
[A] worker's attendance to personal comfort during a refreshment break is conducive to the facilitation of the employment, and in the circumstances presented in the present case claimant's brief off-premises trip did not remove him from the course and scope of his employment.
We acknowledge that the above quote is taken from a worker's compensation case in which scope of employment issues are resolved liberally in favor of finding that the accident occurred within the scope of employment. Sussman v. Fla. E. Coast Props., Inc., 557 So.2d 74 (Fla. 3d DCA 1990). The court's point, however, that attending to personal comfort facilitates employment, makes sense in tort cases as well. An on-duty police officer in a patrol car, or on the beat, must occasionally go outside the jurisdiction to purchase food or use a restroom. It is inherent in the nature of the employment and anticipated by the employer. And, as we noted earlier, this officer's actions in protecting himself from being injured by the attacking dogs benefitted his employer. We therefore affirm the summary judgment.
STONE and SHAHOOD, JJ., concur.