SHEPHERD, J.
The Public Health Trust of Miami-Dade County petitions for certiorari relief from a trial court order denying its motion for summary judgment on its defense of sovereign immunity and motion for judgment on the pleadings, asserting it was immune from liability under Florida’s Good Samaritan Act, section 768.13 of the Florida Statutes (2004). We deny the petition.
This is a ten-year-old medical malpractice case in which the respondents, Shani-ah Rolle, a minor, through her natural parent, Queen Seriah Azulla Dabrio, and Queen Seriah Azulla Dabrio, individually, have sued some twenty-five medical doctors, their professional associations, the Broward Hospital District d/b/a Memorial Regional Hospital, the Public Health Trust of Miami-Dade County d/b/a Jackson Memorial Hospital, and the University of Miami d/b/a University of Miami School of Medicine, for negligent treatment and care from the day Shaniah was born, August 16, 1996, through the time of suit. Shaniah was born with multiple medical and physical abnormalities and conditions, including gastric perforation, a life-threatening condition for which she underwent surgery the day after her birth at Memorial Regional Hospital. After an extended neonatal stay in Memorial Regional, she was discharged into the care of multiple pediatric and gastroenterology physicians, some of whom also are named defendants in this action, for her conditions.
On June 11, 1999, Shaniah presented to the emergency room of Jackson Memorial Hospital in danger of death. Emergency room physicians quickly diagnosed Shani-ah as suffering from multiple virulent conditions, including ischemia from a disseminated pneumococcal infection, which had stopped the flow of blood to her extremities, and gangrene. After consultation with Shaniah’s mother, a team of Jackson physicians conducted a four-extremity amputation on the young girl — removing both arms below the elbow and both of her legs below her knees. Although it is not seriously disputed this emergency surgery saved Shaniah’s life, Shaniah and her mother, through counsel, now allege, inter alia, that Jackson emergency physicians failed to act quickly enough — during the first hour and a half or more from Shani-ah’s arrival at the hospital — to provide her with appropriate fluids and antibiotics, which they contend would have avoided the need for the amputations. Since the filing of this action, Broward Memorial Hospital has settled with Shaniah and her family for the sum of $200,000.
The Public Health Trust advances two principle arguments in support of its petition. First, it argues it is sovereignly immune from suit under section 768.28(5) of the Florida Statutes (2004), because another government entity, the Broward County Hospital District, acting on behalf of Memorial Regional Hospital, has paid *193 up to the amount of the cap for which the State and its political subdivisions can be required to pay in this case. Section 768.28(5) reads as follows:
Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
The argument does not afford the Trust any relief at this non-final stage of this proceeding. Assuming the Trust has some liability to Shaniah and her mother for her condition, it is by no means certain at this time that the Trust’s alleged negligence “[arose] out of the same incident or occurrence” as did the alleged negligence of Memorial Regional Hospital, now settled. This is a question for another day, should it arrive. Moreover, as we recently have explained, even if the Rolles have been paid the statutory maximum permitted under the statute, the trial court still has jurisdiction to enter a judgment against the Trust for purposes of supporting a potential claims bill to the legislature. See State Dep’t of Envtl. Prot. v. Garcia, — So.3d -, -, 2011 WL 3300540 (Fla. 3d DCA 2011) (citing Gerard v. Dep’t of Transp., 472 So.2d 1170 (Fla.1985)).
The Trust next asserts it is immune from suit under Florida’s Good Samaritan Act, section 768.13, Florida Statutes (2004). This Act provides that any health care provider, including a public hospital, such as Jackson Memorial Hospital, “shall not be held liable for any civil damages as a result of [emergency] medical care or treatment unless such damages result from providing, or failing to provide, medical care or treatment under circumstances demonstrating a reckless disregard for the consequences so as to affect the life or health of another.” § 768.13(2)(b)l., Fla. Stat. (2004) (emphasis added); see also Recent Developments, 32 Fla. St. U. L. Rev. 973, 997 (2005) (discussing parameters for liability under the Act). The Trust argues the Rolles have not properly pled around the ordinary negligence bar contained in the statute. However, even if they have, it is our view that, despite some language in the statute that arguably might lead to a contrary conclusion,[1] the Act, by its terms, provides the Trust with a defense to liability if it meets the exculpatory requirements of the Act, but it does not provide it sovereign immunity from suit.
Our reading of the Act is consistent with guidance recently received from the Florida Supreme Court in Wallace v. Dean, 3 So.3d 1035 (Fla.2009), clarifying the difference between lack of duty and thus non-liability and sovereign immunity. The Florida Supreme Court stated:
*194 When addressing the issue of governmental liability under Florida law, we have repeatedly recognized that a duty analysis is conceptually distinct from any later inquiry regarding whether the governmental entity remains sovereignly immune from suit notwithstanding the waiver present in section 768.28, Florida Statutes.
Id. at 1044 (footnote omitted). As the court further explained, “the absence of a duty of care renders the defendant nonlia-ble as a matter of law because his, her, or its actions are therefore non-tortious vis-a-vis the plaintiff.” Id. at 1045. Based on Wallace, just days ago in Miami Dade County v. Rodriguez, 67 So.3d 1213 at 1216 (Fla. 3d DCA 2011), we clarified our own decisional law in this area, stating we “will no longer exercise our certiorari jurisdiction to review orders either denying motions to dismiss or denying motions for summary judgment where the sovereign argues that it is not liable as alleged because no duty can be demonstrated.” As Professor Prosser succinctly stated, “Duty is only a word with which we state our conclusion that there is or is not to be liability.” William L. Prosser, Palsgrqf Revisited, 52 Mich. L. Rev. 1, 15 (1953).
In this case, the sovereign seeks to invoke a provision of the Act to except it on the facts and circumstances of this case from the “waive[r of] sovereign immunity for liability for torts” provided by section 768.28(1) of the Florida Statutes. This is a fact-specific defense for which the Trust will have the burden of affirmative proof at trial. See, e.g., Christensen v. Cooper, 972 So.2d 207, 209 (Fla. 5th DCA 2007) (asserting the Act as an affirmative defense); accord N. Miami Med. Ctr. v. Prezeau, 793 So.2d 1142 (Fla. 3d DCA 2001); Frawley v. City of Lake Worth, 603 So.2d 1327 (Fla. 4th DCA 1992). It does not fall within that narrow range of cases involving “discretionary functions of government [that] are inherent in the act of governing and are [therefore] immune from suit.” See Trianon Park Condo. Ass’n v. City of Hialeah, 468 So.2d 912, 918 (Fla.1985) (citing Commercial Carrier Corp. v. Indian River Cnty., 371 So.2d 1010 (Fla.1979)).
Petition denied.

. Section 768.13(2)(c)3 states that the legislative intent of the immunity provision of the Act "is to encourage health care practitioners to provide necessary emergency care to all persons without fear of litigation.” We find this sub-sub paragraph of the Act unhelpful on the immunity from liability/immunity from suit issue we are called upon to decide in this case.